# Thames *v.* Schloss & Kahn, *et al.*

*Bill in Equity to enjoin Attachment Suits.*

1. *Partnership ; right of co-partner to enjoin attachment suits instituted by consent and collusion of other partner.*—The fact that attachments were sued out by the creditors of a partnership and levied upon the partnership property, with the consent and collusion of one of the co-partners, for the purpose of hindering, delaying and defrauding the other creditors of the firm, does not give the non-consenting partner the right to maintain a bill in equity to enjoin the proceedings in such attachment suits ; since if such partner sustained any damage by reason of the suing out of the attachment, it was because the writ was wrongfully sued out ; and for such damage he has an adequate remedy at law.

[Thames v. Schloss & Kahn, *et al.*]

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellant, E. D. Thames, against the appellees, Schloss & Kahn, the Alabama Mercantile Company and F. H. Thames and others. The facts of the case are sufficiently stated in opinion.

Schloss & Kahn, The Alabama Mercantile Company and F. H. Thames made a motion to dismiss the bill for the want of equity. On the submission of the cause on this motion, the chancellor rendered a decree sustaining said motion. From this decree the complainant appeals, and assigns the rendition thereof as error.

D. M. POWELL, for appellant.—Wherever a debtor in collusion with a portion of his creditors induces or consents with them to sue out an attachment against him, such attachment is a fraud upon the rights of the other creditors, and the same will be set aside by a court of equity.—*Cartwright v. Bamberger*, 90 Ala. 405; *Comer v. Heidelbach*, 109 Ala. 220.

Under the allegations of the bill, the procurement of the levies of the attachment was an attempt on the part of the partner, J. Robert Thames, to dispose of the property of the firm in fraud of the rigths of complainant.— *Halstead v. Shepard*, 23 Ala. 558.

J. C. RICHARDSON and C. E. HAMILTON, *contra.*—One partner has the right to encumber or use the personal property, including money, of the partnership in securing or paying the *bona fide* debts of the partnership.— *Donald & Co. v. Hewitt*, 33 Ala. 351; *Ellis v. Allen*, 80 Ala. 515; *Hirschfelder v. Keyser*, 59 Ala. 338; *Cullum v. Bloodgood*, 15 Ala. 34.

An insolvent debtor, provided he does not use therefor all, or substantially all, of his property, may select one or more of his creditors, and pay them in full, and thus disable himself to pay his other creditors; and it makes no difference if the one or more preferred creditors knew that the effect of the transaction would be to deprive the debtor of the means with which to pay his other debts. Nor is the wish, motive, or intention of

the debtor a material inquiry, if the required conditions exist. These conditions when the conveyance or attachment is attached for fraud, are : (a.) The debt must be *bona fide* and enforceable, not simulated. (b.) The payment must be absolute, and if made in property, must not be materially in excess of the debt. (c.) No pecuniary benefit or consideration of value must inure or be secured to the debtor.—*Bray & Landrum v. Ely*, 105 Ala. 557 ; *Cook v. Thornton*, 109 Ala. 527 ; *Hornthall v. Schonfeld*, 79 Ala. 110 ; *Bell v. Goetter, Weil & Co.*, 106 Ala. 470.

SHARPE, J.—So far as concerns the appellees, the purpose of the bill of complaint in this cause, which was filed by appellant, one of the members of the copartnership of Thames & Thames, composed of complainant and J. Robert Thames, was to enjoin further proceedings under certain attachment suits instituted against said firm by appellees, creditors of the firm, and to have set aside the levies of the writs of attachment made upon the stock of merchandise belonging to the partnership, on the ground that the attachments were sued out and levied with the consent and collusion of J. Robert Thames, complainant's copartner, for the purpose of hindering, delaying and defrauding the other creditors of the firm. A motion to dismiss the bill for want of equity was sustained, and from the decree sustaining the same this appeal is sued out.

The bill does not negative complainant's consent to the suing out of the attachments, but treating this and all other defects as cured by amendment, and even conceding that complainant expressly objected to the proceedings, we are unable to perceive any equity in the bill for the purpose stated. Neither the consent of complainant's copartner, nor the fact that an attachment sued out by a creditor with the consent and collusion of the debtor for the purpose of hindering, delaying and defrauding the other creditors, is fraudulent and void as to such other creditors, can give to complainant any right to complain. The consent of the one partner to the suing out of the attachment, if not ratified by the others, does not bar any right whatever either of the partnership or of the other partners ; and the fact that

the attachments are collusive and intended to defraud the other creditors is a matter of which the creditors alone have a right to complain, and their right is one conferred by the statute alone. It is well settled that one partner has no general authority to bind the partnership or the non-assenting partners by confessing judgment against the partnership, and a court of equity will relieve the partnership and non-assenting partners from such judgment.—*Elliott v. Holbrook*, 33 Ala. 659; 17 Am. & Eng. Encyc. of Law, 1042; Bates on Part., § 377. And the same reasons upon which this rule is founded deny to one partner the authority to bind the partnership or the other members thereof by consenting to the suing out of an attachment against the firm. But the effect on the judgment of the partner's want of authority to consent to its rendition is very different from the effect on the attachment of his want of authority to consent to its being sued out. In the one case the judgment, and the rights of the plaintiffs therein growing out of the judgment, depend for their existence on the consent, and this being unauthorized as to the partnership and non-consenting partners, the judgment is a nullity as to them and will be so declared upon a proper attack. But the rights of a creditor acquired by an attachment sued out with the consent of one of the partners and levied on the partnership property, are not derived from the consent, and no right whatever of the partnership or of the other partners is barred or in any way affected by the consent. The rights of all the parties, except the consenting partner, are precisely the same as though the attachment had been sued out without collusion. ·The sole effect of the consent of the one partner is to estop him from maintaining an action on the attachment bond to recover damages for any injury sustained by himself by reason of the wrongful suing out of the attachment. This estoppel will not, however, operate upon the partnership so as to prevent a recovery in its name for the injury sustained by it, nor upon the non-consenting partners. A partnership cannot be deprived of its right to collect its assets or to redress wrongs committed against it merely because of the estoppel against one of its members.—*Fancher Bros. & Co. v. Bibb Furnace Co.*, 80 Ala. 481; *Painter v. Munn,*

[Thames v. Schloss & Kahn, *et al.*]

117 Ala. 322. If either the partnership or the complainant sustained any damage by reason of the suing out of the attachment, such damage was not caused by the consent of his copartner, nor by the fact that such consent rendered the attachment fraudulent and voidable at the instance of creditors, but solely because the attachment was wrongfully sued out, and for the damages thus sustained both the partnership and the complainant have an adequate remedy at law. It is true, as contended by counsel, that one partner has not the right to dispose of partnership property except within the scope of the partnership business, and that if one partner undertakes to dispose of the partnership effects to the injury and wrong of the other partners, equity will interpose and give relief. But, as we have seen, the consent to the suing out of the attachment was not an attempt to dispose of the partnership property and did not have that effect. The attachment proceedings are valid and binding independently of the consent, and the effect of the levy of the writ on the partnership property was conferred by the law and not by the consent. Since the rights acquired by appellees by the suing out of the attachment and the levy of the writ were not derived from the consent of complainant's copartner, neither the want of authority in the copartner to bind the partnership or the complainant by such consent, nor the motives with which such consent was given and acted upon, can have the effect of depriving appellees of those rights, or give to complainant any equity to enjoin further proceedings on the attachment suits, and to have the levies of the writs issued thereunder set aside. The bill was without equity as to defendants Schloss & Kahn, F. H. Thames and the Alabama Mercantile Company, and was, therefore, properly dismissed as to them.

Affirmed.

*Note:*—The foregoing opinion was prepared by Hon. ROBERT C. BRICKELL, late Chief Justice, before his retirement, and is adopted by the court.