## GOWER *et al.* v. SHORT.

No. 2263.   Opinion Filed October 23, 1912.

(127 Pac. 485.)

1. **APPEAL AND ERROR**—Review—Refusal of New Trial. This cause was set regularly for trial on the 13th. On that date when called, one of defendants' attorneys was not present, and the court was asked to pass the case over because of an alleged verbal understanding between plaintiff and the absent attorney so to do. This was refused and the cause went to trial. In the motion for a new trial, the alleged verbal agreement, to pass the case, was set up as one of the grounds therefor. On this point the court heard the testimony of the witnesses and ruled against the motion. The evidence was in conflict. Held, that a reversal will not be ordered, where there is evidence reasonably tending to support the ruling of the court.

2. **SAME**—Instructions. Rule 25 of this court (20 Okla. xii, 95 Pac. viii), among other things, provides: ''Where a party complains of instruction given or refused, he shall set out in totidem verbis in his brief separately the portions to which he objects or may save exceptions.'' Held, that where this rule has not been observed the instructions will not be examined by this court in search of error.

3. **SAME**—Discretion of Court. The question of the mere order, in which proof is introduced at a trial, rests very much within the sound discretion of the trial court; and unless it clearly appears that this discretion has been abused, to the injury of the complaining party, a reversal will not be ordered on this ground.

(Syllabus by Brewer, C.)

*Error from Bryan County Court;*
*Chas. A. Phillips, Judge.*

Action by W. G. Short against W. C. Gower and the Choctaw Improvement Company.  Judgment for plaintiff, and defendants bring error.  Affirmed.

*Hatchett & Ferguson,* for plaintiffs in error.

*Crook & Kyle,* for defendant in error.

Opinion by BREWER, C.  This cause presents the novelty of being fully briefed by excellent lawyers upon each side without the citation of an authority.

Three errors are urged for the reversal of the case. They are: (1) Error of the court in placing the cause on trial upon the day it was tried. (2) Error in instructions. (3) Error in the admission of evidence.

The suit is for a recovery of certain rents on farming lands under a written contract for the years 1907 and 1908. The defendant in error, Short, as plaintiff, filed the suit in a justice court and recovered judgment. The plaintiffs in error, defendants below, appealed to the county court, where the plaintiff again recovered judgment, and this proceeding is brought to review the action of that court.

1. The objection to the court trying the case when it did, April 13, 1910, is based upon the claim that the plaintiff agreed with defendants' attorney that the cause might be passed from the 13th of April, the day on which it stood regularly for trial, to the next day. Defendants claim that this agreement was made orally out of court between plaintiff and one of defendants' counsel. This claim is set up in the motion for a new trial, and the testimony of the parties was heard by the court at a hearing upon that motion. The court refused to grant a new trial upon that ground after hearing evidence, and in passing upon that point observed, in substance, that it was a rule of his court, well known to the attorneys, that agreements for a continuance would not be considered binding on the court unless made in writing or in open court. Besides, the examination of the testimony, to our minds, leaves it very doubtful as to whether any real agreement as to passing the case was reached. We have no doubt but that the defendants' counsel so understood it, but it is doubtful as to whether the plaintiff did. It is not made clear, furthermore, that the failure of the court to pass the case over for a day was especially prejudicial to the defendants. One of their attorneys was present and seems to have conducted the defense carefully and as effectively as if the other member of the firm had been present. In our judgment the record would not justify this court in ordering a reversal on this point.

2. The next objection urged is stated as follows:

"This case should be reversed on account of errors of the court in giving instructions to the jury and refusing to give instructions requested by the defendants."

Neither the instructions given nor those asked and refused are set out in the briefs. Rule 25 of this court (20 Okla. xii, 95 Pac. viii), among other things provides:

"Also where a party complains of instructions given or refused, he shall set out *in totidem verbis* in his brief separately the portions to which he objects or may save exceptions."

This rule ought to require no argument to show its necessity. It works no hardship on counsel, and its observance results in saving much time to the court, and therefore of expense to the state. It has been held that unless observed the instructions complained of would not be examined. *Holmes v. Evans*, 29 Okla. 373, 118 Pac. 144; *Harrah v. First, etc., Bank*, 26 Okla. 620, 110 Pac. 725; *Reynolds v. Hill*, 28 Okla. 533, 114 Pac. 1108.

3. The remaining point to be considered we also believe to be without merit. This refers to the admission of certain testimony up the part of plaintiff. It is complained that after plaintiff had testified as a witness and rested his case, and the defendants' deposition covering the contentions of the defendants had been read, the plaintiff was permitted to again take the stand, in rebuttal, and in effect repeat in detail the evidence he had formerly given necessary to make out his case. It is perhaps true that, when plaintiff took the stand the second time, some of his evidence was not strictly in rebuttal, and that some small parts of it merely strengthened his evidence in making out his cause of action. It must be remembered, however, that the matter of the mere order, in the production of proof, is necessarily largely left to the discretion of the court. and where it is shown in a case that this discretion has been abused, the mere fact that evidence has been admitted out of its regular order is not sufficient to require a reversal of the case. *Standifer v. Sullivan*, 30 Okla. 365, 120 Pac. 624.

It is true that counsel in this connection insists that the repetition by plaintiff of certain testimony not properly rebuttal was prejudicial; but, where such repetition occurs, it is so closely related to and connected with testimony that is properly rebuttal

that we cannot believe that it had the effect contended for by counsel.

Upon the whole case, which we have examined with some care, we believe that the jury found for the right party, and in an amount justified by the evidence, and that the judgment of the court should in all things be affirmed.

By the Court: It is so ordered.