## DICKSON v. LOWE.

No. 2632.   Opinion Filed April 15, 1913.

Rehearing Denied May 27, 1913.

(132 Pac. 354.)

**APPEAL AND ERROR—Brief—Sufficiency.** Rule 25 of the Supreme Court (20 Okla. xii, 95 Pac. viii), which provides that in all cases, except felonies, the brief of the plaintiff in error in substance shall set forth the material parts of the pleadings, proceedings, and facts upon which reliance is had for reversal, so that no examination of the record itself need be made in said court, and shall also contain specifications of the errors complained of, separately set forth and numbered, is mandatory.

(Syllabus by the Court.)

*Appeal from District Court, Beaver County;*
*R. H. Loofbourrow, Judge.*

Action by Seward K. Lowe against Alexander J. Dickson. Decree for plaintiff, and defendant appeals. Dismissed.

*A. S. Dickson* and *W. M. Rush,* for plaintiff in error.
*A. H. Tyler* and *Appleget & Herod,* for defendant in error.

KANE, J.   This was a suit in equity commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, for the purpose of enjoining the defendant

from using, occupying, working, or trespassing in or upon a certain tract of land. It seems that both parties were in possession and claiming the land under the homestead laws of the United States; that the plaintiff had succeeded in having defendant's entry canceled and his own filing approved; that thereupon the plaintiff commenced an action of forcible entry and detainer, pending which the present proceeding was commenced. Upon the case being reached for trial, the plaintiff introduced his evidence and rested, and, upon the defendant's declining to introduce any evidence, the court entered a decree in accordance with the prayer of the petitioner, to reverse which this proceeding was commenced.

In a recent opinion this court held that where certain lots were in possession of F., claiming title thereto, and the same are sought to be taken forcible possession of by M., who claimed an adverse title, F.'s possession may be preserved until the final determination as to the title by means of injunction. Generally speaking, then, it may be said that the court below had jurisdiction over the person and the subject-matter in the present proceeding. From an examination of the brief of counsel for plaintiff in error, we are unable to say, without recourse to the record itself, the exact ground upon which they contend for a reversal. If objection is made to the sufficiency of the petition of the plaintiff, or that the evidence does not support the judgment, we are unable to review those questions, because the plaintiff in error has not complied with rule 25 (20 Okla. xii, 95 Pac. viii) by setting forth the material parts of the pleadings, proceedings, facts, and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court, and has also failed to comply with that part of the same rule which provides that:

"The brief shall contain the specifications of the errors complained of, separately set forth and numbered, the argu-

ment and authorities in support of each point relied on, in the same order."

In *Arkansas Valley National Bank v. Clark,* 31 Okla. 413, 122 Pac. 135, it is held that:

"Rule 25 of the Supreme Court (20 Okla. xii, 95 Pac. viii), which provides that in all cases, except felonies, the brief of the plaintiff in error in substance shall set forth the material parts of the pleadings, proceedings, and . facts upon which reliance is had for reversal, so that no examination of the record itself need be made in said court, and shall also contain specifications of the errors complained of, separately 'set' forth and numbered, is mandatory.   *   *   *"

The brief of the plaintiff in error in this case wholly failing to meet this requirement, the appeal must be dismissed. *Roof et al. v. Franks,* 26 Okla. 392, 110 Pac. 1098; *Seaver v. Rulison,* 29 Okla. 128, 116 Pac. 802.

All the Justices concur.