## KELLY *et al.* v. STATE.

No. 2633.   Opinion Filed November 4, 1913.

Rehearing Denied February 3, 1914.

(138 Pac. 167.)

**APPEAL AND ERROR—Brief—Affirmance.**  Where plaintiff in error fails to comply with rule 25 of this court (38 Okla. x), the judgment may be affirmed.

*Error from District Court, Blaine County;*
*James R. Tolbert, Judge.*

Action by the State against W. R. Kelley and D. H. Haskins.  Judgment for plaintiff, and defendants bring error.  Affirmed.

*Seymour Foose* and *Baker & Bloss,* for plaintiffs in error.

*A. L. Emery,* Co. Atty., and *J. P. Wishard,* for the State.

PER CURIAM.   This action was commenced in the name of the state of Oklahoma, in the district court of Blaine county, on February 18, 1910, against T. B. Smith, as principal, and D. H. Haskins, W. R. Kelly, and George Smith, as sureties, to recover $1,000, being the penalty on the bond of Smith for his appearance in that court to answer to the charge of aiding and abetting the escape of Alf Hunter, alias "Kingsbury," a prisoner, charged with homicide.  T. B. Smith was not served with summons, and George Smith defaulted.  The two remaining defendants, plaintiffs in error, separately moved the court to dismiss the action, on the ground that the same was not prosecuted in the name of the proper party, nor in the name or on the relation of any public officer, nor in the name of the real party in interest, nor on the relation of the county attorney or the Attorney General, nor any officer authorized to prosecute.  After their motions were overruled, they demurred to the petition on several grounds, not necessary to state, which was overruled.  After

that the court sustained a motion for judgment on the pleadings, and the same was rendered and entered accordingly. These three several actions of the court were excepted to, and are assigned as error. It seems that there is no merit in any of them; but whether there is or not we decline to say, for the reason that plaintiffs in error have failed in their four-page brief to comply with rule 25 of this court (38 Okla. x, 95 Pac. viii), in that their brief fails to "contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts, and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court."

The judgment of the trial court is affirmed.

All the Justices concur.