## AVANTS v. BRUNER.

No. 3082.   Opinion Filed November 18, 1913.

(136 Pac. 593.)

1. **FORCIBLE ENTRY AND DETAINER—Notice to Vacate—Sufficiency.** Notice, in a forcible entry and unlawful detainer action, to vacate real estate examined, and held sufficient under the statute.

2. **APPEAL AND ERROR—Brief—Rulings on Evidence.** Where a party complains on account of the admission or rejection of testimony, he shall set out in his brief the full substance of the testimony, to the admission or rejection of which he objects, stating specifically his objection thereto, and a failure to do so precludes a consideration of such assignment of error under rule 25 (38 Okla. x, 95 Pac. viii) of this court.

3. **SAME—Verdict—Evidence.** Where issues of fact have been properly framed by the pleadings, and submitted to a jury under proper instructions by the trial court, this court will not interfere with the finding of the jury on the issues of fact thus submitted, if there is any evidence in the record reasonably tending to support the verdict.

(Syllabus by Robertson, C.)

*Error from County Court, Seminole County;*
*T. S. Cobb, Judge.*

Action of forcible entry and unlawful detainer by Thomas J. Bruner, guardian of Douglas Bruner, against C. M. Avants. Judgment for plaintiff, and defendant brings error. Affirmed.

*H. C. Thompson* and *Davis & Davis,* for plaintiff in error.

*James E. Gresham, Hunter L. Johnson,* and *J. A. Patterson,* for defendant in error.

Opinion by ROBERTSON, C.   This was an action of forcible entry and unlawful detainer brought originally in a justice of the peace court of Seminole county by Thos. J. Bruner, as guardian for Douglas Bruner, an incompetent, against C. M. Avants to recover possession of certain described real estate belonging to his ward.   The judgment in the justice of the

peace court was for the plaintiff. The defendant appealed to the county court, where the case was tried before a jury, and resulted in a verdict for the plaintiff, upon which verdict judgment was again entered for the possession of the land and costs of suit.

We will consider the various assignments of error raised in the petition in error in the order in which they are treated in the brief. The first is that the court erred in permitting the notice to vacate the land in controversy to be read in evidence, for the reason that it failed to show the county and state wherein the land is located. This assignment is purely technical, and entitled to no serious consideration at our hands. On page 3 of the case-made is found the notice complained of, which is in words and figures as follows:

"NOTICE.

"State of Oklahoma, Seminole County—ss.:
    "C. M. Avants: You are hereby notified to quit, and leave, and deliver up to me at once the premises described as follows: West half of the northwest quarter of the northeast quarter and the east half of the northeast quarter of the northwest quarter of section 29, township 10 north, range 6 east—for the possession of which I shall bring suit after three days under the forcible entry and detainer act. You will govern yourself accordingly.
    "Witness my hand this 28th day of February, 1911. Thomas Bruner, Guardian of Douglas Bruner, Owner of Said premises.

"State of Oklahoma, Seminole County—ss.:
    "I, Thomas Bruner, being first duly sworn on oath depose and say that on the 28th day of February, 1911, I delivered a true copy of the above notice to the defendant, C. M. Avants. Thomas Bruner, Guardian of Douglas Bruner.
    "Subscribed and sworn to before me this 9th day of March, A. D. 1911. Frank Grall, Justice of the Peace."
    Indorsed: "Filed April 3, 1911. W. N. Stokes, Clerk County Court."

This notice was attached to the complaint as an exhibit, and during the trial was offered in evidence by the plaintiff, and admitted by the court over objection of defendant, who

insists that it does not properly describe the premises, in that it does not give the state and county wherein the land was located, and does not describe the premises on which it was served. The primary purpose of a notice to vacate, in such a proceeding as the one under consideration, is to apprise the party to whom the notice is given of the description of the land desired to be vacated with such reasonable certainty that he could not be mistaken as to what land was meant. The above notice is a sufficient compliance with the requirements of the statute in this respect, and, while it would have been better practice to add to the description of the land in the body of the notice the name of the county and state where the same was located, yet this notice shows by the caption and the description of the premises that no other land could have been meant than that for which this action was brought to recover. The objection is frivolous, and the trial court committed no error in overruling the same.

The second, third, and fourth assignments of error have been abandoned, and are not mentioned in the brief, and therefore we need not concern ourselves further with them.

The fifth assignment of error is that:

"The court erred in allowing testimony of the plaintiff on cross-examination as to the place being in litigation at the time of defendant's purchase."

We are unable to give this assignment consideration, for the reason that no compliance whatever has been made by plaintiff in error in his brief with the requirements of rule 25 (38 Okla. x, 95 Pac. viii) of this court, which provides that:

"Where a party complains on account of the admission or rejection of testimony, he shall set out in his brief the full substance of the testimony, to the admission or rejection of which he objects, stating specifically his objections thereto."

We are unable to say, upon an examination of the record, what testimony the plaintiff in error complains of, or whether or not its admission was error, for the reason that none of it is set out in the brief, nor is it identified in any manner so as to enable us to pass upon its competency.

The sixth assignment of error complains of the action of the court in rendering judgment in favor of the defendant in error on the verdict of the jury, for that there was no evidence to show want of consent at the time of the entry, or that the same was by force, violence, threats, fraud, or stealth; while the seventh assignment complains that the court erred in overruling the motion of defendant below for a new trial, for the reason that the verdict is not sustained by sufficient evidence, and is contrary to law. These two propositions involve ·a question of fact under the issues framed by the pleadings. The undisputed testimony of Caesar Bruner, one of the witnesses for the plaintiff, was that he had been in possession of the land for the past ten years. Avants, the defendant below, testified that he used no force, threats, or stealth in entering upon the land. The testimony shows that the land was inclosed by a fence, and that at the time the defendant made entry thereon there was cattle belonging to Caesar Bruner on the land in question, that the fence was cut, and that the defendant entered the land without the knowledge or consent of Bruner. There was testimony to show that the land was the allotment of Douglas Bruner, and that, since its allotment in 1901, it had been in the continuous and open peaceful possession of the parents of the said allottee. Avants testified that he purchased the land from one Mrs. Lula J. Turlington, and went into possession under instructions from one Dr. Turlington, under a verbal contract, and later they gave him bond for title.

The jury was required by instructions from the court to pass upon these conflicting claims and statements of the parties and the witnesses. These issues were submitted to them by the court under proper instructions, to which no objection was lodged by the defendant. The jury resolved the issues in favor of the plaintiff below, and with this finding of the jury we find no fault. It is a fundamental rule of this court, so well established that citation of authority is unnecessary, that, where issues of fact have been properly framed by the pleadings, and submitted to a jury under proper instructions by the trial court, this court will not interfere with the finding of the jury on the

issues of fact thus submitted, if there is any evidence in the record reasonably tending to support the verdict. Such is the condition of the record in this case under assignments 6 and 7.

Having thus disposed of all the assignments of error raised by plaintiff in error in his brief, we are of opinion that there is no error in the record sufficient to warrant a reversal, but that, on the contrary, the judgment of the trial court is correct, and should be in all things affirmed.

By the Court: It is so ordered.