## COLLIER *et al.* v. GANNON.

No. 2981.    Opinion Filed January 13, 1914.

(137 Pac. 1179.)

1. **ATTACHMENT—Irregularity—Waiver of Objection.** An agreement, after seizure of chattels attached, that the sheriff shall sell summarily and retain the proceeds, or place them in a designated depository to abide the final judgment in said proceeding, precludes the defendant from insisting on a dissolution of the writ.

2. **APPEAL AND ERROR—Brief—Rulings on Evidence.** The action of the lower court in the exclusion or admission of evidence will not be reviewed by this court, unless this evidence is set out in the brief of the plaintiff in error as required by rule 25 (38 Okla. x, 95 Pac. viii), although assigned as error by proper specifications of error therein.

3. **TRIAL — Demurrer to Evidence — Direction of Verdict.** Where there is any substantial conflict in the evidence, neither should a demurrer thereto nor a motion to direct a verdict be sustained.

4. **EXECUTORS AND ADMINISTRATORS—Construction.** A judgment rendered against Aubry Addington, administrator of the estate of Z. T. Addington, deceased, is not a personal judgment, but a judgment against him in his trust or his official capacity, and binds only the estate of said intestate.

5. **APPEAL AND ERROR—Objection Below—Verdict.** Where a verdict is not void, any objection going to a defect or irregularity which renders the verdict merely voidable will not be considered when raised for the first time in this court.

6. **LANDLORD AND TENANT—Rent—Remedies of Landlord.** Under sections 3806 and 3807, Rev. Laws 1910, the landlord may elect to take his share of the crop, or, if such share has been appropriated or disposed of by the tenant, then the landlord may elect to enforce his lien for rent in the value of such share by attachment.

(Syllabus by the Court.)

*Error from County Court, Jefferson County;*
*G. M. Bond, Judge.*

Action by C. E. Gannon against Pres Collier and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*J. H. Harper* and *Jones & Green,* for plaintiffs in error.

*Bridges & Vertrees* and *N. C. Peters,* for defendant in error.

WILLIAMS, J. On October 27, 1908, the defendant in error, hereinafter referred to as plaintiff, commenced an action in a justice of the peace court against the plaintiffs in error, hereinafter referred to as defendants, to recover one-third of the corn and one-fourth of the cotton grown on a certain tract of land in Jefferson county; the same being described in the affidavit for attachment. Bond in attachment in the sum of $400 was executed conditioned for the payment of damages in case it was decided that the order was wrongfully issued. The writ of attachment directed the officer to take one-third of the corn and one-fourth of the cotton raised on said tract. On change of venue, the case being transferred to another justice of the peace court in said county, the defendant filed a motion to quash the writ of attachment and also an answer. At the trial the motion to quash was overruled, and after a hearing the case was transferred to the district court on the ground that the justice of the peace court was without jurisdiction; it being averred that the title to land was necessarily involved. In the district court, on motion, Aubry Addington, administrator of the estate of Z. T. Addington, deceased, one of the plaintiffs in error, was made a party defendant, and he appeared and answered. As disclosed by the record the cause was remanded back from the district court to the justice of the peace court, where it was tried and judgment rendered against the defendant Pres Collier. In due time an appeal was prosecuted to the county court, where a judgment was rendered in favor of the plaintiff in the sum of $123. A motion for a new trial was then filed in due time, and the action of the trial court in overruling the same is now before this court by proceeding in error.

The affidavit for attachment is in part as follows:

"W. E. Connor, being first duly sworn on oath says that he is agent for C. E. Gannon, plaintiff in the above-entitled cause; that there is due from defendant to plaintiff the following shares of crops on lands hereinafter described to wit: One-third of the corn, and one-fourth of the cotton grown and raised on the 140 acres * * * being for rent on farm lands above described, and that plaintiff claims a lien on said crops. That said defendant intends to remove, and was about to remove at the

time of instituting this suit, his property, the crops, and a part thereof, from the leased premises above described."

The bond or undertaking rendered in favor of the defendant in the sum of $400 conditioned that the plaintiff "shall pay to the defendant all damages which he may sustain by reason of the attachment in this action, if the order thereof be wrongfully obtained." The writ commanded the sheriff or constable "to attach and safely keep one-third of the corn and one-fourth of the cotton" raised on said premises.

The plaintiffs in error insist that said attachment should have been vacated in that said affidavit, bond, and writ were insufficient.

Section 3809, Rev. Laws 1910, provides:

"When any person who shall be liable to pay rent (whether the same be due or not, if it be due within one year thereafter, and whether the same be payable in money or other things) intends to remove, or is removing, or has, within thirty days, removed, his property, or his crops, or any part thereof, from the leased premises, the person to whom the rent is owing may commence an action, and upon making an affidavit stating the amount of rent for which such person is liable, and one or more of the above facts, and executing an undertaking as in other cases, an attachment shall issue in the same manner and with the like effect as is provided by law in other actions."

Section 3810, Rev. Laws 1910, also provides:

"In an action to enforce a lien on crops for rent of farming lands, the affidavit for attachment shall state that there is due from the defendant to the plaintiff a certain sum, naming it, for rent of farming lands, describing the same and that the plaintiff claims a lien on the crop made on such land. Upon making and filing such affidavit and executing an undertaking as prescribed in the preceding section, an order of attachment shall issue as in other cases, and shall be levied on such crop, or so much thereof as may be necessary; and all other proceedings in such attachment shall be the same as in other actions."

It appears from the record that the defendant in error, C. E. Gannon, and plaintiffs in error, Pres Collier and Aubry Addington, administrator, agreed that the attached crop should be sold and the money placed in a certain bank to abide the decision of the court; appraisement and further execution of the order of

the attachment being waived. This precludes the plaintiffs in error from objecting to any irregularities in the attachment proceedings. *Coyle Mercantile Co. v. Nix, Halsel & Co.,* 7 Okla. 267, 54 Pac. 469; *Reister et al. v. Land,* 14 Okla. 34, 76 Pac. 156; *Wickman v. Nalty,* 41 La. Ann. 284, 6 South. 123; *Thames v. Schloss,* 120 Ala. 470, 24 South. 835; 4 Cyc. 780.

The tenth assignment of error is as follows:

"Because the court erred in permitting the abstract of title over the defendant's objection that it was incompetent, irrelevant and immaterial and did not prove or disprove any issue in the case, in so far as it could make title in the plaintiff."

The evidence raised by this assignment is not set out in accordance with rule 25 of this court (38 Okla. x, 95 Pac. viii), which provides that where a party complains "on account of the admission or rejection of testimony, he shall set out in his brief the full substance of the testimony, to the admission or rejection of which he objects, stating specifically his objection thereto." Under the uniform holdings of this court, where such is not done, such question will not be considered on review here. *Scoville et ux. v. Powell et al.,* 33 Okla. 446, 126 Pac. 730.

As to the contention that the court erred in overruling defendant's demurrer to the evidence, and denying the requested instruction for a verdict, that appears to be without merit. *Christy v. Springs,* 11 Okla. 710, 69 Pac. 864; *Sevy v. Stewart et al.,* 31 Okla. 589, 122 Pac. 544; 24 Cyc. 1034.

As to the assignment that the rendition of the judgment against Aubry Addington as administrator of the estate of Z. T. Addington, deceased, is a judgment against him personally, and not in his trust or official capacity, that is also without merit. Such judgment binds him only as administrator, and not as an individual.

There is no merit in the objection here for the first time as to the form of the verdict. *Brown et al. v. First Nat. Bank of Temple,* 35 Okla. 726, 130 Pac. 140.

Section 3807, Rev. Laws 1910, provides that:

"When any such rent is payable in a share or certain proportion of the crop, the lessor shall be deemed the owner of such share or proportion, and may, if the tenant refuse to deliver

him such share or proportion, enter upon the land and take possession of the same, or obtain possession thereof by action of replevin."

Section 3806, Rev. Laws 1910, also, provides:

"Any rent due for farming land shall be a lien on the crop growing or made on the premises. Such lien may be enforced by action and attachment therein, as hereinafter provided."

These sections, being construed together, it is obvious that the remedy is cumulative; that the landlord may elect to take his share of the crop, or if the tenant disposes of the landlord's share, then he may elect to enforce his lien by attachment, for in section 3809, *supra,* it is provided that, whether the rent "be payable in money or other things," an attachment may issue. The contention that an attachment will not lie to enforce the landlord's lien where the rent is payable in kind or a certain portion of the crop is without merit.

As to the objection to the rendition of the judgment against the Bank of Addington, the plaintiffs in error are not in position to complain.

The defendant in error further insists that there is no recital in the case-made that it contains all the evidence introduced on the trial. On page 38 we find the following:

"The foregoing is all of the evidence offered at the trial of above cause, and all the oral proceedings therein. It is agreed between the attorneys for the plaintiffs in error and defendant in error that the foregoing case-made contains all the evidence introduced in the trial of said cause."

Section 5243, Rev. Laws 1910, which, in substance, became effective March 15, 1905, Sess. Laws 1905, p. 322, provides for the correction or amendment of a case-made by written agreement made and entered into by the parties plaintiff and defendant in error. It has time and again been held by this court that, by virtue of said section, the parties were entitled to withdraw the case-made so as to have it corrected and amended to affirmatively show that it contained all the evidence. *England Bros. v. Young et al.,* 25 Okla. 876, 105 Pac. 654; *Fidelity & Casualty Co. v. Walton et al.,* 24 Okla. 671, 104 Pac. 909; *Divine v. Harmon et al.,* 23 Okla. 901, 101 Pac. 1125; *Ins. Co. v. Gish, Brook*

*& Co.,* 25 Okla. 78, 105 Pac. 672; *Springfield Fire & Marine Ins. Co. v. Gish,* 25 Okla. 80, 105 Pac. 673; *London & L. Fire Ins. Co. v. Gish,* 25 Okla. 81, 105 Pac. 673.

It has also been repeatedly held that the certificate of counsel that the case-made contained all the evidence did not dispense with the necessity of a recital in the case-made to that effect. *McClellan v. Minor,* 19 Okla. 104, 91 Pac. 863; *Exendine v. Goldstine,* 14 Okla. 100, 77 Pac. 45; *Co. Commissioners v. Wright,* 8 Okla. 190, 57 Pac. 203; *Gaffney v. Stanard et al.,* 31 Okla. 541, 122 Pac. 510, and authorities therein cited.

In the last case the certificate, however, was made only by the attorney for the plaintiff in error. Here it is in the form of a stipulation by all parties. Under section 5243, it being permissible for the case-made to be amended by stipulation, the parties having so agreed by stipulation appearing in the case-made, this court, upon such joint certificate without more, would order the case-made accordingly amended.

All the Justices concur.