## NEW VINITA HARDWARE CO. *et al*. v. PORTER.

No. 3974.  Opinion Filed January 26, 1915.

(146 Pac. 14.)

1. **APPEAL AND ERROR—Presentation for Review—Rulings on Evidence—Brief.** The action of the lower court in the exclusion or admission of evidence will not be reviewed by the Supreme Court, unless the evidence complained of is set out in the brief of the plaintiff in error, as required by rule 25 (38 Okla. x, 137 Pac. xi,) although properly assigned as error.

2. **APPEAL AND ERROR—Presentation for Review—Instructions—Brief.** Where plaintiff in error fails to comply with rule 25 (38 Okla. x, 137 Pac. xi,) and set forth the instructions complained of in totidem verbis, alleged error in giving or refusing the same will not be considered here.

3. **APPEAL AND ERROR—Dismissal—Brief.** Where plaintiff in error fails to comply with rule 25 (38 Okla. x, 137 Pac. xi,) relative to briefing, the appeal may be dismissed.

(Syllabus by the Court.)

*Error from County Court, Craig County;*

*S. F. Park, Judge.*

Action by H. L. Porter against the New Vinita Hardware Company and others. Judgment for plaintiff, and defendants bring error. Appeal dismissed.

*Theo. D. Frear,* for plaintiff in error.

*E. M. Probasco* and *A. D. Bennett,* for defendant in error.

BROWN, J.   Rule 25 (38 Okla. x, 137 Pac. xi), relative to briefing a case for this court by plaintiff in error, among other things, provides:

"Where a party complains on account of the admission or rejection of testimony, he shall set out in his brief the full substance of the testimony, to the admission or rejection of which he objects, stating specifically his objection thereto. Also, where a party complains of instructions given or refused, he shall set out *in totidem verbis* in his brief separately the portions to which he objects or may save exceptions."

The brief filed by plaintiff in error in this case fails to comply with either of the provisions of the above-quoted portion of said rule; and, while there are numerous assignments of error, a correct determination of the questions involved cannot be reached without an examination of the evidence and instructions from the record itself. The purpose of the above rule is to require counsel to present such errors in such manner as to render unnecessary an examination of the record in determining the case.   See *Avants v. Bruner,* 39 Okla. 730, 136 Pac. 593; *Collier v. Gannon,* 40 Okla. 275, 137 Pac. 1179; *St. L. & S. R. Co. v. Shepard,* 40 Okla. 589, 139 Pac. 833; *Kelley v. State,* 40 Okla. 355, 138 Pac. 167.

The appeal will therefore be dismissed.

All the Justices concur.