## STATE BOARD OF MEDICAL EXAMINERS v. STATE ex rel. CHERRY.

No. 6204.   Opinion Filed February 9, 1915.

(146 Pac. 443.)

**APPEAL AND ERROR—Dismissal—Briefs.** Affirmed for failure to observe rule 25 (137 Pac. xi) of this court.

(Syllabus by the Court.)

*Error from District Court, Grady County;*

*Frank M. Bailey, Judge.*

Mandamus by the State, on the relation of G. P. Cherry, against the State Board of Medical Examiners, etc. Judgment for relator, and defendants bring error. Affirmed.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for plaintiffs in error.

*E. M. Stewart* and *S. A. Horton,* for defendant in error.

KANE, C. J.  From the briefs before us, we gather that this is an action by mandamus to compel the plaintiffs in error, as the State Board of Medical Examiners, to register the defendant in error, Dr. G. P. Cherry, of Mangum, Okla., as a physician

and surgeon, and to issue to him a license authorizing him to practice as such in the state of Oklahoma.

There seems to have been both issues of fact and of law joined in the court below, but the briefs of counsel do not disclose how or when these issues were joined, or whether there were any pleadings filed, except the petition, regarding which counsel for one of the parties in his brief says:

"The record being small, the court can find the petition in the first part of the record."

Rule 25 (137 Pac. xi) of this court provides that:

"The brief of the plaintiff in error in all cases shall contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts, and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court."

This rule has not been complied with. From the briefs before us we are unable to say whether there was an alternative writ issued below, or a return thereto made by the plaintiffs in error, or the exact grounds upon which the defendant in error, plaintiff below, bases his right to relief by mandamus. It appears that there was a trial where evidence was introduced by one side, at least, and that, after hearing the evidence and argument of counsel, the court decided in favor of the plaintiff. As we are unable to get a full understanding of the questions presented to this court as grounds for a reversal of the judgment of the court below, without an examination of the record itself, we will indulge the presumption that the action of the court below was correct, and affirm its judgment.

It is so ordered.

All the Justices concur.