### WELCH et al. v. COTTON.

No. 8412—Opinion Filed Feb. 12, 1918.

(170 Pac. 1174.)

(Syllabus.)

**Appeal and Error—Briefs—Review—Rule of Court.**

Rule 26 of the Supreme Court (47 Okla. x, 165 Pac. ix), which provides that in all cases, except felonies, the brief of the plaintiff in error in substance shall set forth the material parts of the pleadings, proceedings, and facts upon which reliance is had for reversal, so that no examination of the record itself need be made in said court, is mandatory, and where it is not observed, and counsel for the defendant in error in their brief insist that such rule has not been

complied with, and plaintiff in error permits said cause to be submitted with the briefs in that condition, the alleged errors will not be reviewed.

Error from District Court, Haskell County; W. H. Brown, Judge.

Action by Fred Cotton against Harry Welch and others. Judgment for plaintiff upon a directed verdict, and defendants bring error. Affirmed.

A. L. Beckett, for plaintiffs in error.

Geo. S. Ramsey, Edgar A. DeMeules, Malcolm E. Rosser, Villard Martin, and J. Berry King, for defendant in error.

KANE, J. This was an action upon a promissory note, commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendants," respectively, as they appeared in the trial court. The petition was in the short form provided for by statute, and admittedly stated a cause of action. The answer of the defendants admitted the execution of the note and its delivery to the Arkansas Valley Breeding Company for the purchase price of a stallion, purchased by one of the makers, and by way of defense alleged, in substance, that one W. H. McMurray, as agent of the Arkansas Valley Breeding Company, represented to the purhaser of the stallion that said stallion was a Percheron stallion, duly and officially registered in the stud books of the American Percheron Horse Breeders' Association under registry No. 40681, and was designated therein by the name of "Robert"; that such representations were material consideration for the execution of said note; that said representations were false, in that the said stallion was not duly and officially registered upon the stud books of the American Percheron Horse Breeders' Association, as represented and stated, or registered therein under the name or number; that the plaintiff, the present holder of the note, well knew the facts hereinbefore set out, and knew the consideration for which said note was given, the representations made to procure said note, and that the same were false, and that he took said note under such circumstances as should have charged him with knowledge of the same: that said stallion was purchased for breeding purposes only, and without proper and official registry said horse was wholly worthless for said purposes, and because of the failure of the warranty aforesaid, the horse so purchased was worthless to defendant, and the consideration for said note has wholly failed, wherefore, premises considered,

the defendants pray judgment for their costs in this action expended. The reply of the plaintiff was a general denial. At the close of the evidence the court instructed the jury to return a verdict for the plaintiff which was done, and upon this verdict judgment was rendered for the defendant for the sum of $716, to reverse which this proceeding in error was commenced.

The grounds for reversal, as stated by counsel in their brief, are as follows: (1) The court erred in overruling the demurrer of the plaintiffs in error to the evidence of the defendant in error, to which action of the court the plaintiffs in error excepted; (2) the court erred in refusing to allow evidence offered by the plaintiffs in error, and objected to by the defendant in error, to which action of the court the plaintiffs in error excepted; (3) the court erred in instructing the jury to return a verdict for the defendant in error, to which action of the court the plaintiffs in error excepted; (4) the court erred in overruling the motion of the plaintiffs in error for a new trial of the cause below; (5) the court erred in rendering judgment in this case in favor of the defendant in error and against these petitioners.

At the threshold of the case we are met by the contention of counsel for plaintiff that, on account of the failure of counsel for defendants to comply with rule 26 of this court (47 Okla. x, 165 Pac. ix), it is impossible for this court to have a full understanding of the questions presented for decision by the foregoing assignments of error without an examination of the record itself. The rule provides in effect that the brief of the plaintiff in error shall contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts, and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, without an examination of the record itself in this court. There was no attempt whatever to comply with this rule, but, on the contrary, counsel for defendants ignores their specific assignments of error, and contents himself by merely stating in his brief that:

"The only question for review is, Was the note upon which this action was based a negotiable instrument?"

The brief does not, as required by the rule, contain a sufficient statement of the record to warrant this court in saying that the court below directed a verdict against the defendants because he believed that the note sued upon was a negotiable instrument. The trial court, as we have seen, heard all the evidence, and, for aught we know, may have been of the opinion that the note was non-negotiable, as counsel contends it is, and directed a verdict in favor of the plaintiff upon the ground that the evidence was wholly insufficient to establish the defensive matter set up by the defendants in their answer. Or it may be, as counsel for plaintiff say in their brief, that, even if the court excuses noncompliance with rule 26 and examines the record, it will disclose that:

"No proof was offered showing or tending to show that the horse for which the note was given was never delivered to the seller or tendered back to the seller, and it is not pleaded, and no offer was made to prove any facts excusing the failure to return or offer to return the horse."

It may be that it was upon this ground that the court below directed a verdict. On account of noncompliance with rule 26 of this court, we are unable to say, without an examination of the record, what the views of the trial court were on any of these aspects of the case, nor are we in position to say whether or not such views were erroneous. Compliance with this rule has been held to be mandatory many times by this court, and we know of no good reason for departing from these decisions in the case at bar, especially as it appears that the record is not available for examination by the court, if it desired to do so, it having been withdrawn from the files by counsel for the defendants after the submission of the case and not returned. Seavers v. Rulison, 29 Okla. 128, 116 Pac. 802; Dickson v. Lowe, 38 Okla. 216, 132 Pac. 354; Board of Med. Examiners v. State ex rel. Cherry. 45 Okla. 575, 146 Pac. 443; New Vinita Hdw. Co. v. Porter, 45 Okla. 470, 146 Pac. 14; Kelly v. State, 40 Okla. 355, 138 Pac. 167; St. L. & S. F. R. Co. v. Shepard, 40 Okla 589, 139 Pac. 833; Collier v. Gannon, 40 Okla. 275, 137 Pac. 1179; Avants v. Bruner, 39 Okla. 730, 136 Pac. 593.

For the reason stated, the judgment of the court below is affirmed.

All the Justices concur.