## SMITH v. HENRY.

No. 10908—Opinion Filed April 17, 1923.

Rehearing Denied May 22, 1923.

(Syllabus.)

**Appeal and Error—Briefs—Requisites for Review.**

Rule 26 of the Supreme Court (47 Okla. x), which provides that the brief of the plaintiff in error shall set forth in substance the material parts of the pleadings, proceedings, and facts upon which reliance is made for reversal, so that no examination of the record need be made by said court, is mandatory; and where the assignments of error require an examination of the pleadings, proceedings, and facts, and such rule has not been complied with, the errors will not be reviewed.

Error from District Court, McCurtain County.

Action by Dave Henry against Will Smith. Judgment for plaintiff, and defendant brings error. Affirmed.

Will Smith and Carr & Henderson, for plaintiff in error.

J. N. Fortner, Geo. T. Arnett, and H. C. Ray, for defendant in error.

COCHRAN, J. This action was commenced by the defendant in error to have the title to certain lands, the record title to which was in the plaintiff in error, decreed to be held in trust for defendant in error. Judgment was entered in the lower court for the defendant in error, and plaintiff in error has prosecuted this appeal and assigned as error:

"First. The court erred in rendering judgment for the defendant in error.

"Second. The court erred in making his special findings of fact, as they were not warranted by the testimony.

"Third. The court erred in his conclusions of law as applied to the facts in this case as developed by the testimony."

These assignments cannot be properly considered without an examination of the testimony introduced in the trial of the case and the findings of fact made by the trial court. The brief filed by the plaintiff in error does not contain the material parts of the pleadings, proceedings, or facts so as to enable us to arrive at a full understanding of the questions presented to this court for a decision without an examination of the record itself, and it is, therefore, not in compliance with rule 26 of this court (47 Okla. x). As said by Mr. Justice Kane in Welch et al. v. Cotton, 67 Okla. 324, 170 Pac. 1174;

"On account of noncompliance with rule 26 of this court, we are unable to say, without an examination of the record, what the views of the trial court were on any of these aspects of the case, nor are we in position to say whether or not such views were erroneous. Compliance with this rule has been held to be mandatory many times by this court, and we know of no good reason for departing from these decisions in the case at bar, especially as it appears that the record is not available for examination by the court, if it desires to do so, it having been withdrawn from the files by counsel for the defendants after the submission of the case and not returned."

The judgment of the trial court is affirmed.

JOHNSON, C. J., and KANE, KENNAMER, NICHOLSON, BRANSON, and MASON, JJ., concur.