## MATHEWS v. YOUNG.

No. 12867—Opinion Filed Feb. 12, 1924.

**1. Appeal and Error—Briefs—Abstract of Transcript.**

Rule 26, of the rules of this court, requires plaintiff in error to set forth in his brief "an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts, and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court."

Rule 26 further provides: "Where a party complains on account of the omission or rejection of testimony, he shall set out in his brief the full substance of the testimony to the admission or rejection of which he objects, stating specifically his objection thereto."

Further provision is made in this rule as follows:

"Where a party complains of instructions given or refused, he shall set out in totidem verbis in his brief separately the portion to which he objects or may save exceptions."

**2. Same—Noncompliance with Rule—Dismissal.**

Where the defendant moves to dismiss the appeal for failure of the plaintiff in error to comply with rule 26 of the rules of the Supreme Court, and an examination of the plaintiff in error's brief discloses that the rule has not been complied with, and no effort has been made to comply therewith, and an examination of the brief of the defendant in error makes it apparent that there is no merit in the appeal, and such appeal was obviously perfected for the purpose of delay, the motion of the defendant in error to dismiss the appeal by failure to comply with rule 26 will be sustained.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Love County; B. C. Logsdon, Judge.

Action by J. F. Young against W. F. Mathews. Judgment for plaintiff, and defendant appeals. Appeal dismissed.

Wilkins & Wilkins, for plaintiff in error.

R. A. Keller, for defendant in error.

Opinion by RUTH, C. This motion was brought by the defendant in error, plaintiff below, in the district court of Love county, Okla., to recover judgment against the plaintiff in error, defendant below, for damages for breach of warranty contained in a deed of land purchased from the plaintiff in error by the defendant in error.

For convenience the parties will be designated as they appeared in the court below.

The statement of the case in the defendant's brief contains but 18 printed lines and we are compelled to refer to the brief of the plaintff to ascertain the nature of the action in detail, and we gather that plaintiff sued defendant for damages for breach of warranty contained in a deed to real estate as hereinbefore noted. The cause was tried to a jury and a verdict returned for the plaintiff and judgment rendered thereon, and upon appeal being perfected, this cause is before us for review.

The defendant makes the following assignments of error:

(1) "The court erred in overruling the objection to the testimony of the defendant in error as to the value of the property or land which he claimed he should have gotten by said deed, as shown on page 26, of the case-made, because same is incompetent.

(2) "Because the court erred in giving paragraph 4 of the instructions.

(3) "Because the court erred in overruling the motion made by plaintiff in error for a new trial and refusing to grant a new trial."

Rule 26 of the rules of this court provides as follows:

"An abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts, and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court."

Rule 26 also provides that:

"Where a party complains on account of the omission or rejection of testimony, he shall set out in his brief the full substance of the testimony to the admission or rejection of which he objects, stating specifically his objection thereto."

And, also, said rule 26 provides that:

"Where a party complains of instructions given or refused, he shall set out in totidem verbis in his brief separately the portion to which he objects or may have exceptions."

1. The brief of the defendant does not set forth the testimony complained of and excepted to and this court is not advised whether the ruling of the court below was proper or improper.

2. Paragraph 4 of the instruction complained of is not set forth in the brief of the defendant and by referring to the record, we find it was not excepted to at the

"Where a party complains of instructions given or refused, he shall set out in totidem verbis in his brief separately the portion to which he objects or may save exthings, providing:

—it is held, that where this rule has not been observed, the instructions will not be examined by the Supreme Court in search Rule 26 of the Supreme Court, among other ceptions"

of error. Gower v. Short, 36 Okla. 30, 127 Pac. 485; Meadows v. McGuire, 34 Okla. McClellan v Pyeatt, 50 Fed 686; Smith v. trial and cannot be considered by this court. Okla. 542, 141 Pac. 968; New Vinita Hdw. Co. v Porter, 45 Okla. 470, 146 Pac. 14: 728. 126 Pac. 1023; Hodgins v. Noyes, 42 Henry, 90 Okla. 7, 214 Pac. 1076.

3. Defendant states in conclusion of his brief as follows:

"The court erred in not sustaining the motion for a new trial on the ground set out in the sixth paragraph of said motion."

We infer the defendant has reference to some motion for a new trial but such motion is not set forth in the brief nor is this court advised where it can find the same. Defendant insists "this testimony would have proven conclusively that the plaintiff got all that part of block 59 to which he was entitled under the contract." This may be true and if the testimony sought to be introduced was set forth in the brief or if this court knew where to find it, and the same was properly offered and made a part of the record, we might agree with the defendant, but being left to grope in outer darkness on this particular point we must assume an attitude of neutrality.

We have examined both the briefs of defendant and of the plaintiff, and the defendant's brief wholly failing to comply with rule 26 of this court, the motion of the plaintiff to dismiss this appeal should be sustained and the appeal should be dismissed.

By the Court: It is so ordered.