## BARR ET AL. *v.* THE INSURANCE COMPANY OF NORTH AMERICA.

FIRE INSURANCE.—*Application for Policy.—Contract.—Notice of Acceptance of Risk.*—On application to a fire insurance company, for a policy of insurance, a contract was executed on behalf of the company, signed by its officers and agent, acknowledging the receipt of the amount of the premium, and stipulating that "A policy of insurance will be immediately prepared and forwarded by said company, in accordance with the terms of the application, should the same be approved. If the application be not approved, the applicant is to be notified to that effect without delay, when the insurance shall cease and the premium shall be returned. But it is expressly understood and agreed that the risk is accepted and made binding upon the company for the term of thirty days" from the date of the application, "unless the applicant is sooner notified of its rejection. If the applicant receives no notice that the risk is rejected, the insurance will cease at the end of thirty days, unless a regular policy has been issued," etc.

In an action to recover for a loss occurring after the expiration of the thirty days, no policy having issued, and no notice rejecting the risk having been given,

*Held,* on demurrer to the complaint for insufficiency, that the risk ceased at the expiration of the thirty days, and that the company is not liable.

*Held,* also, that the failure of the company, for more than thirty days, to give such notice, was no valid reason why the applicant should not insure in some other company if he desired.

*Held,* also, that, in the absence of notice thereof to the plaintiff or his agent, it was ineffectual to allege that such risk had been accepted.

From the Knox Circuit Court.

*G. G. Reily* and *W. C. Johnson,* for appellant.

*H. S. Cauthorn* and *J. M. Boyle,* for appellee.

WORDEN, J.—Complaint by the appellants, against the appellee, as follows:

"Hugh Barr, John A. Bruce and James H. Steffey, plaintiffs, complain of the Insurance Company of North America, and for amended complaint say, that heretofore, on the 4th day of January, 1872, the plaintiff Hugh Barr was the owner of a certain storehouse, situated in the town of Bruceville, Knox county, Indiana; that, at the same day, the other plaintiffs, John H. Bruce and James H. Steffey, and said Hugh Barr were the owners

of a valuable stock of dry goods, boots and shoes, hats and caps and general merchandise, contained in the storehouse aforesaid; that, at the day aforesaid, such storehouse was of the value of $1,200, and said stock of goods was of the value of $4,500; that, at the day aforesaid, the defendant was a fire insurance company, then engaged in insuring property of the kind and quality aforesaid; that thereupon, at the day aforesaid, the plaintiffs made an application to the defendant, in writing, a copy of which is filed herewith as a part of this complaint, to procure a policy of insurance to insure such property from loss or injury by fire for the period of one year from that date; the plaintiff Barr to be insured on the storehouse aforesaid in the sum of $500, and all of the plaintiffs to be insured in the sum of $2,000, on their stock of goods aforesaid.

"And the plaintiffs say, that, although said application purports to have been made by Hugh Barr alone, yet, in truth and in fact, the same was intended to have been on behalf of, and by, all of the plaintiffs, to insure their interests as aforesaid; but, by a mutual mistake made by the plaintiffs and defendant, at the time said application was made, the same purports to be as before stated.

" Plaintiff further says, that thereupon the agent of said insurance company, doing business for said company at the town of Bruceville aforesaid, executed to the plaintiffs, on behalf of said insurance company, a written contract, a copy of which is filed herewith, marked 'B'; that, by inadvertence and mistake, mutually made by the plaintiffs and defendant, said contract was made to the plaintiff Barr only, when, in truth and in fact, the same was intended to be made, and was so understood by the plaintiffs and defendant to be made, to all of said plaintiffs, to insure their joint interest in said stock of goods in the sum of $2,000, as before stated, and to insure the plaintiff Barr in the sum of $500, on his said store-house, as hereinbefore stated.

"Plaintiffs further say, that, by the terms of said contract, the defendant undertook and agreed to insure the plaintiffs in the sum of money aforesaid, on their property aforesaid, for the period of thirty days from that date, and further agreed that a policy of insurance would be immediately prepared and forwarded by said company from their office at the city of ——, in the State of Pennsylvania, to the plaintiffs, in accordance with the terms of the application, should the same be approved; and, if the application should be disapproved, then the defendant would notify the plaintiffs without delay.

"Plaintiffs further say, that the consideration to be paid by the plaintiffs to the defendant for such insurance was $37.50; that, at the time the contract aforesaid was made, they offered to pay the same to the defendant's agent at Bruceville aforesaid, but said agent requested the plaintiffs to keep said money for said defendant until he called for the same; that thereupon, to accommodate said defendant, at the request of its agent aforesaid, the plaintiffs kept the same in their safe for the defendant; but they say they have been ready and willing, ever since said contract was made as aforesaid, to pay said sum to said defendant, and still are ready and willing to pay the same.

"Plaintiffs further say, that the defendant wholly failed to notify the plaintiffs of their disapproval of said application, but, on the contrary, kept the same for an unreasonable length of time, to wit, for the period of fifty days, without in any way notifying the plaintiffs that the application would not be accepted.

"Plaintiffs further say, that afterward, on the 9th day of February, 1872, the storehouse and stock of goods aforesaid were wholly destroyed by fire, without any fault on the part of the plaintiffs, or any of them, and that, at the time the same were so destroyed, the storehouse aforesaid was of the value of $1,200, and the stock of goods aforesaid was of the value of $2,000, and by rea-

son of the burning thereof, the same became and were wholly worthless; that, so soon as the defendant learned said fact, to wit, on the 15th day of February, 1872, it returned to the plaintiffs their said application for insurance, accompanied by a notice that the same was disapproved by the defendant.

"Plaintiffs further say, that they made out and forwarded to the defendant, within a reasonable time after said loss, an affidavit, showing the destruction by fire of the storehouse and stock of goods aforesaid, as required. by the rules of the defendant, and the contract so made: by the plaintiffs and defendant, as aforesaid.

"Plaintiffs further say, that, during the time from said. loss by fire aforesaid to the making of the contract between the plaintiffs and defendant aforesaid, there were other good and solvent insurance companies there, doing business at the town of Bruceville aforesaid, in which the plaintiffs could and would have obtained insurance on their property aforesaid, but for the fact that they believed the defendant had insured their property aforesaid,. and would pay the loss, if any, which might result to them. from fire to said property.

"Plaintiffs further say, that the defendant did approve and accept their application for insurance aforesaid on their property aforesaid, and for the sums hereinbefore stated, but had negligently failed to issue and forward to the plaintiffs a policy of insurance, as by the terms of its. contract it agreed to do, and that, when it learned of the destruction of the plaintiffs' property, as aforesaid, by fire, as aforesaid, it then fraudulently and tortiously refused to issue said policy, for the purpose of defrauding these plaintiffs out of the sums of money so due to them by the terms of their contract aforesaid, and for no other reason.

"Wherefore plaintiffs pray, that defendant be required to issue to them said policy of insurance, and they de-

mand judgment against the defendant in the sum of three thousand dollars, and all other proper relief."

The following is enough of the contract mentioned in the complaint, marked "B," to develop the ground upon which the case is decided:

"This receipt witnesseth, that the Insurance Company of North America, * * * having received from Hugh Barr, of Bruceville, Ind., January 4th, 1872, application for insurance, (of even date herewith,) against loss or damage by fire, on the following property, to wit:" (Here the property is described.) "Total amount of insurance applied for, $2,500. Term, one year. Premium paid, $37.50. Located in town of Bruceville, county of Knox, State of Indiana, as more fully described in said application, which is made part hereof. A policy of insurance will be immediately prepared and forwarded by said company, in accordance with the terms of the application, should the same be approved. If application be not approved, applicant is to be notified to that effect without delay, when the insurance shall cease, and the premium shall be returned. But it is expressly understood and agreed, that the risk is accepted and made binding upon the company for the term of thirty days from this date, ending at 12 o'clock noon, unless the applicant is sooner notified of its rejection.

"If the applicant receives no notice that the risk is rejected, the insurance will cease at the end of said thirty days, unless a regular policy has been issued, and the applicant will be entitled to receive from the company a return of premium *pro rata* for the unexpired time."

The agreement was duly signed by officers and the agent of the company.

The defendant demurred to the complaint for want of sufficient facts, and the demurrer was sustained; exception, and final judgment for the defendant.

Several objections to the complaint are made by the appellee, and there is one ground on which we think it

was fatally defective, and the demurrer, therefore, correctly sustained.    Hence, we need not consider any other objection thus made.

From the allegations of the complaint, there does not seem to have been any contract of insurance concluded between the parties, except that contained in the written agreement above specified, which expired before the loss occurred.

By the written contract, the company assumed the risk for the period of thirty days, unless the applicant was sooner notified of its rejection.    The applicant was not sooner notified of its rejection; hence, the company might have been bound, if the loss had occurred within the period mentioned.    But it was stipulated in the contract, that, "if the applicant receives no notice that the risk is rejected, the insurance will cease at the end of said thirty days, unless a regular policy has been issued."

The written contract of assurance expired by its own limitation, before the loss occurred, and the company is not liable to the plaintiffs upon that contract.

It may be observed, that the failure of the company to sooner notify the plaintiffs of the rejection of the application worked no possible harm to them, inasmuch as the failure left the company bound for the period of thirty days; and, at the expiration of that period, the liability of the company ceased by the terms of the contract, in the absence of any notice to the plaintiffs of the rejection of the application.    The contract bound the company for thirty days, in the absence of the notice mentioned; and after that time, in the absence of such notice, the plaintiffs knew, by the terms of the contract, that the company was no longer bound, and they might have sought insurance elsewhere, had they seen proper to do so.

But the complaint alleges, that the defendant did approve and accept the plaintiffs' application for insurance, as aforesaid, etc.

We are of opinion, that the allegations of the com-

plaint are insufficient to show a binding contract between the parties, as upon an acceptance by the company of the plaintiffs' application for insurance.    The written contract, as we have seen, bound the company for the period of thirty days, but beyond that it was not bound, unless there was an acceptance by the company of the plaintiffs' application for insurance, in such a way as to constitute a valid and binding contract.    It may be conceded, that an insurance company may be liable on a contract to insure, though no policy has been issued.    *New England F. & M. Ins. Co.* v. *Robinson*, 25 Ind. 536; *American Horse Ins. Co.* v. *Patterson*, 28 Ind. 17.    But still there must be a valid contract between the parties, in order to establish such liability.

The application for insurance by the plaintiffs must be regarded as a proposition made by them to the defendant, and was not binding upon the latter until it was accepted and the plaintiffs notified thereof.    In other words, no valid or binding contract was concluded between the parties unless the defendant not only accepted the proposition, but also notified the plaintiffs of such acceptance.

Mr. Parsons says:    "It is unquestionably true as a general proposition, that a contract can not bind the party proposing it, and indeed that there is no contract, until the acceptance of the offer, by the party receiving it, is in some way, actually or constructively, communicated to the party making the offer."    1 Parsons Con. 483.    See *Kennedy* v. *Lee*, 3 Meriv. 440–453.

In *Hebb's Case*, Law Rep. 4 Eq. 9, it was held, that a proposed contract is not binding on the party who proposes it until its acceptance by the other party has been communicated to him or his agent.

It was said, in the opinion in the case:    "If A. writes to B. a letter offering to buy land of B. for a certain sum of money, and B. accepts the offer, and sends his servant with a letter containing his acceptance, I apprehend that until A. receives the letter, A. may withdraw his offer, and

B. may stop his servant on the road and alter the terms of his acceptance, or withdraw it altogether; he is not bound by communicating the acceptance to his own agent."

*Dunlop* v. *Higgins*, 1 H. L. Cas. 381, decides that the posting of a letter accepting an offer constitutes a binding contract, but the reason of that is, that the post-office is the common agent of both parties.

In *Tayloe* v. *Merchants' Fire Ins. Co.*, 9 How. 390, 402, it was said, that "The unqualified acceptance by one of the terms proposed by the other, transmitted by due course of mail, is regarded as closing the bargain, from the time of the transmission of the acceptance." See, also, *Trevor* v. *Wood*, 36 N. Y. 307.

There is no allegation in the complaint that the defendant ever in any manner notified the plaintiffs of its alleged acceptance of their application, and hence the facts alleged do not show any binding contract for insurance, except the written contract, which, as we have already seen, had expired before the loss in question.

The judgment below is affirmed, with costs.