FIDELITY & CASUALTY CO. OF NEW YORK v. WALTON *et al.*

No. 206.    Opinion Filed September 14, 1909.

(104 Pac. 909.)

INSURANCE—Life Policy—Signature of Agent.  That a policy of life insurance shall be countersigned by the agent of the company before it shall become a valid obligation is a stipulation that the company has a right to make, and the completion of the contract with the signature of such agent during the lifetime of the insured is essential to the existence of an obligation which can be enforced against the company.

(Syllabus by the Court.)

*Error from District Court, Kiowa County; F. E. Gillette, Judge.*

Action by J. B. Walton and W. W. Rowland against the

Fidelity & Casualty Company of New York. Judgment for plaintiffs, and defendant brings error. Reversed.

*John T. Hays,* for plaintiff in error, citing: *Dickey v. Casualty Co.,* 89 S. W. 437; *Insurance Co. v. Ewing, Adm'r,* 97 U. S. 377.

*Nestor Rummons, John A. McKeene, L. M. Keys* and *Joseph H. Cline,* for defendants in error, citing: *Kantrener v. Insurance Co.,* 5 Mo. App. 581; *Myers v. Insurance Co.,* 27 Pa. 268; *Camden Oil Co. v. Insurance Co.,* 4 Fed. Cas. 23,375; *Whitcomb v. Insurance Co.,* 29 Fed. Cas. 964; *Insurance Co. v. O'Conner,* 29 Mich. 241.

TURNER, J.   This is a suit on a policy purporting to insure Charles H. Hill for a period of 12 months from noon on October 18, 1904, against bodily injuries sustained through external, violent, and accidental means, in the sum of $3,000, brought by Kate D. Hill, the beneficiary named therein, against the Fidelity & Casualty Company of New York, plaintiff in error, in the district court of Kiowa county. For answer, defendant among other things, denied by verified answer the existence of the alleged contract of insurance. There was trial to a jury, which resulted in a verdict and judgment in favor of plaintiff's executors for the amount of the policy, to reverse which the company brings the case here.

The first assignment of error is that the court erred in overruling defendant's demurrer to plaintiff's evidence. On this point the record discloses that at the close of plaintiff's evidence defendant demurred thereto, which was overruled, and exceptions saved, whereupon both parties introduced further evidence, upon all of which the jury found as stated. That being the case, in determining this assignment, if there is sufficient evidence in the entire record to show the policy sued on to be a valid contract of insurance, this court will not disturb the ruling. *C., R. I. & P. Ry. Co. v. Doyle,* 18 Kan. 58. The evidence discloses that at the time the policy was issued the insurer, the Fidelity & Casualty

Company, was a corporation existing under the laws of New York, with its home office in New York City; that Charles H. Hill, the insured, and his wife, Kate D. Hill, the beneficiary named therein, were residents of Hobart, in this state; that a short time prior thereto said Hill made written application and schedule of warranties to James A. Jones, local agent of the insurer at that place; that he sent the same to the home office, which issued the policy sued on, duly signed by George F. Seward, president, and Robert J. Hillas, vice president and secretary and forwarded it by mail to said local agent; that he received the same on October 21 or 22, 1904, after the death of the insured, and, after countersigning, delivered the same to the beneficiary, who paid the premium and later brought this suit.

In support of this assignment it is contended by the company that, as said policy provides that "the same shall not be binding upon the company unless countersigned by a duly commissioned agent" of the company, and as the same was not so countersigned by said agent until after the death of the insured, the alleged contract of insurance is void for the reason that the minds of the parties failed to meet during the lifetime of the insured. We think the point well taken. As such stipulation in the policy is in no sense oppressive or unconscionable, it is one which the insurer had a legal right to make, and constituted a condition precedent to the validity of the policy.

In *Badger, Adm'r, v. American Popular Life Insurance Company*, 103 Mass. 244, 4 Am. Rep. 547, a policy providing, "Nor shall this policy be in force until it is countersigned by A. F. Badger, agent at Boston," was found among the papers of said A. F. Badger, the beneficiary in the policy, and was sued on by his executor. The court, in passing, held that as he had power to make said policy a valid contract by countersigning, and failed to do so, the same never became in force, and upon it plaintiff could not recover.

*Lynn v. Burgoyne*, 52 Kan. 401, was a suit to recover the

amount of a note executed by Lynn to .Burgoyne for $420. Lynn pleaded no consideration. The facts were that Burgoyne was agent for the Columbus Insurance Company, of Ohio, and resided at Cincinnati. The consideration of the note was that he, as agent for said company, would issue to defendant a policy of insurance to the amount of $6,000 on the steamboat John Drennan for one year. The instrument, signed by the president of said company, purported to be a policy of insurance, and was issued and delivered to defendant at Cincinnati by the bookkeeper of said company. Said instrument on its face provided that it "shall not be valid until countersigned by John Burgoyne, agent, at Cincinnati." It was never so countersigned. It was held that said instrument was not a valid policy of insurance, and consequently no consideration for the note sued on, and for that reason plaintiff could not recover.

In *Newcombe, Adm'r, v. Provident Fund Society of New York City,* 5 Colo. App. 140, 38 Pac. 61, Newcombe, as administrator of Nail, brought suit against said company to recover on a policy alleged to have been issued by said company during the life of said Nail. Nail's application was taken by one Jackson, who lived at Durango, who solicited insurance for said company through arrangements with one Aldrich, the company's agent at Denver. The application went from Denver to New York, and was acted on by the officers there, who signed the policy and sent it to the agent, to be delivered on receipt of the premium. It was not countersigned until August 21, 1891, at which time the agent received the first premium, and on which date he forwarded it to Jackson to be delivered. At that time Nail was dead. He was killed on the 18th of August. On these facts the court instructed the jury to find for defendant, which was done, and the administrator appealed. The court, in affirming the judgment of the trial court, said:

"The existence of a contract, entered into between the parties and building upon the insurer, must evidently be established to entitle the administrator to recover upon his policy. It was

entirely competent for the company to stipulate that they should not be bound, except upon compliance with whatever conditions precedent they might see fit to attach to their contract. * * * The stipulation that the policy should be countersigned by the agent of the company prior to the time of its becoming a valid and binding obligation was one which the company clearly had the legal right to make, and is in no sense oppressive or unconscionable, and the completion of the contract with the signature of the agent during the lifetime of the insured was essential to the existence of an obligation which could be enforced against the company. * * * Under these circumstances the delivery of the policy to the administrator could not be operative to bind the company and make that a valid obligation which at the time the policy was countersigned and the money received was invalid by the very terms of the application which Nail himself had made in his lifetime.'

·Ellen O. Hiatt v. Fraternal Home, 99 Mo. App. 105, 72 S. W. 463, was a suit by the beneficiary on a benefit certificate. The facts were that on July 23, 1900, William Hiatt applied for membership in the defendant order and for $2,000 insurance on his life for the benefit of his mother. He was examined the next day and duly elected a member by local lodge No. 6, at Springfield, Mo. His application and medical examination were forwarded to the home office at Hamilton, Mo., which issued the certificate sued on. The issues were tried by the court, judgment rendered for defendant, and plaintiff appealed. The Court of Appeals, in affirming the judgment of the lower court, said:

"But, aside from these considerations, the certificate is sued on as a complete and fully executed contract. Under the by-laws it could not be fully executed or become a complete contract until countersigned by the secretary and president of the local lodge. It was not signed by these officers until after Hiatt was dead. The living cannot contract with the dead, nor complete the execution of a contract that was partially executed with a living person now dead"—

and in the syllabus said :

"Where, by the by-laws of a fraternal beneficiary association, its certificates were not binding until countersigned by the secretary and president of the local lodge, and a certificate was not

countersigned until after the beneficiary herein had deceased, the certificate was void."

In *McCully's Adm'r v. Phoenix Mutual Life Insurance Company,* 18 W. Va. 782, the facts were that on August 17, 1874, Alexander McCully applied to B. E. Tift, agent at Wheeling of said company of Hartford, Cònn., for insurance on his life for $1,000 in said company. Application was therefore made out in due form, and signed by said McCully, and forwarded to the home office. At the same time McCully. executed his note to Tift for $24.76, payable 60 days after date, with interest, the amount of the first premium upon the anticipated policy. On August 24th a policy was made out in due form and forwarded to the agent in Wheeling, who received it about Septembed 1st. On its face it provided: "This policy to take effect when countersigned by B. E. Tift, agent at Wheeling, W. Va." It was never so countersigned by Tift or delivered to McCully, who on September 12th was taken sick, and who died on the 26th day of that month. In a suit on the policy, the trial court dismissed complainant's bill, and he appealed. It was there contended, as in this case, that a delivery of the policy to the insured was complete when it was mailed by the home office, addressed to the local agent; but the court held otherwise, and in passing said:

"The policy on its face shows that it was not sent to the agent to be delivered absolutely to McCully, but only when countersigned by the agent. Whether this was intended as a mode of delivery, as provided for in the application, to consummate the contract, or was intended as a different condition, upon which acceptance of the proposal would be indicated, in either event the company would not be bound without the countersigning of the agent or the delivery of the policy. I see at no stage in this negotiation where the minds of the parties met and the contract was consummated."

See ,also, *Mrs. Lydia A. Hardie v. St. Louis Mutual Life Insurance Co.* 26 La. Ann. 242; *Barr et al. v. Insurance Company of No. America,* 61 Ind. 488; *Joseph Kelly el al. v. Commonwealth Insurance Co., etc.,* 23 N. Y. Super. Ct. 82; *Post et al. v.*

*Aetna Insurance Co.,* 43 Barb. (N. Y.) 351; *Firemen's Ins. Co. v. Augusta Barnsch, for Use, etc.,* 161 Ill. 629, 44 N. E. 285; *Peoria, etc., Ins. Co. v. Walser,* 22 Ind. 73; *St. Louis Mutual Ins. Co. v. Kennedy, etc.,* 69 Ky. 450.

We are therefore of the opinion that the policy sued on constituted no valid contract of insurance.

The contention of defendant in error that a determination of this question involves an examination of. the evidence, which we cannot go into for the reason that there is no independent recital or statement of fact in the case-made that it contains all the evidence introduced on the trial, need not be noticed, as said omission has been supplied by amendment, pursuant to chapter 28, art. 4, of an act approved March 15, 1905 (Sess. Laws 1905, p. 322).

It is unnecessary to notice other assignments of error.

The judgment of the trial court is reversed and the cause dismissed.

All the Justices concur.