TALBOT v. UNION CENT. LIFE INS. CO. OF CINCINNATI, OHIO.

(Circuit Court of Appeals, Fifth Circuit. April 28, 1917.)

No. 3044.

INSURANCE ☞177—CONSTRUCTION OF POLICY—DURATION OF INSURANCE.

Under a term policy of life insurance dated August 17, 1910, and issued on an application made August 8, and providing that, in consideration of the payment of the premium on August 8 in each year, the applicant was thereby insured for five years ending on August 8, 1915, there was no liability for a death occurring August 12, 1915, as the duration of the policy was fixed in clear and unambiguous language, and should be construed according to the sense and meaning of the terms used.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 372–378.]

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Action by Grace G. Talbot against the Union Central Life Insurance Company of Cincinnati, Ohio. Judgment for defendant, and plaintiff brings error. Affirmed.

A. H. King and Bayard B. Shields, of Jacksonville, Fla., for plaintiff in error.

Geo. C. Bedell, of Jacksonville, Fla., for defendant in error.

Before PARDEE and WALKER, Circuit Judges.

PARDEE, Circuit Judge. On the 8th day of August, 1910, Charles Augustus Cheatham made application to the Union Central Life Insur-

ance Company for $10,000 insurance on the five-year convertible term plan. In said application he answered the necessary questions, and thereafter, on the 21st day of August, 1910, submitted to a medical examination, which apparently was satisfactory to the company, and on August 23d paid the first premium, for which receipt was issued as follows:

"Received sixty-nine and $50/100$ dollars, being the first premium upon policy No. 383209, issued upon the life of Charles A. Cheatham, continuing said policy in force to the 8th day of August, 1911. This receipt is not valid unless premium is paid, and this receipt signed and dated the day of payment, by B. S. Williams, agent, or such person as he authorizes by indorsement on the margin hereof.

"Paid at Jacksonville, Fla., this 23d day of August, 1910.

"John D. Sage, Secretary.

"B. S. Williams, Agent."

And thereupon a policy, dated the 17th day of August, 1910, was issued by the insurance company, wherein it is set forth:

"1. Premium—2.    Insured Term—2.    Amount—4.    Beneficiary—5.    Death Claim.

"In consideration of the payment of sixty-nine $50/100$ dollars, and of the payment of a like amount annually thereafter on the eighth day of August in every year during the continuance of this policy, does hereby insure the life of Charles Augustus Cheatham, of Jacksonville, in the county of Duval, in the state of Florida, for a term of five years ending on the eighth day of August, 1915, in the amount of five thousand dollars, payable, less the unpaid balance of the current year's premium, if any, and any other indebtedness on the policy, at its home office in Cincinnati, Ohio, to the administrators, executors, or assigns of the insured, on receipt of due proof of death of said insured during the continuance of this policy.

"6. Contract.

"This policy, together with the application therefor, a copy of which is indorsed hereon, shall constitute the entire contract between the parties.

"It is hereby agreed:

"7. Change of Beneficiary.

"That the insured shall have the right at any time to change the beneficiary, said change to take effect when indorsed on the policy by the insured and the company."

In accordance with the contract, on October following, with the consent of the company, the insured named Grace G. Talbot, plaintiff in error herein, the beneficiary. On August 12, 1915, the said Charles Augustus Cheatham died. The beneficiary made application for the payment of the policy and was refused, and thereupon brought this suit, which was disposed of in the lower court on demurrer and on the point that the insurance policy expired by its plain terms on August 8, 1915.

The policy of insurance is attached to the petition and made part thereof, and we think the demurrer was properly sustained. The duration of the policy was fixed in clear and unambiguous language, and should be construed according to the sense and meaning of the terms used. See Langley v. Owens, 52 Fla. 303, 42 South. 457, 11 Ann. Cas. 247; Imperial Fire Insurance Co. v. Coös County, 151 U. S. 453, 14 Sup. Ct. 379, 38 L. Ed. 231.

The judgment of the District Court is affirmed.