## SUN LIFE ASSUR. CO. OF CANADA v. BUDZINSKI.

Circuit Court of Appeals, Third Circuit.
March 6, 1928.

No. 3694.

**1. Insurance ⟨⟩175—Payment of first premium while insured was in good health, and not signing of proper receipt, held to determine effective date of policy.**

Under application, made part of life insurance policy, providing policies should not take effect until first premium was paid during insured's good health, and that no premium should be considered paid unless receipt be given therefor, signed by president and secretary, the two provisions being separated by a semicolon, the signing of the receipt did not determine effective date of policy, but, on receipt being signed, policy became effective as of date of actual payment of first premium by insured while in good health.

**2. New trial ⟨⟩102(1)—Application for new trial for newly discovered evidence, not disclosing diligence, will be refused.**

Where application for new trial on ground of newly discovered evidence did not show that alleged newly discovered evidence was not by proper diligence available at trial, application will be refused.

In Error to the District Court of the United States for the District of New Jersey; William Clark, Judge.

Action by May Budzinski against the Sun Life Assurance Company of Canada. Judgment for plaintiff, and defendant brings error. Affirmed.

Wall, Haight, Carey & Hartpence and Albert C. Wall, all of Jersey City, N. J., for plaintiff in error.

Alex. R. De Sevo and Leonard J. Mehlman, both of Jersey City, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. [1] The plaintiff brought this suit on two policies of life insurance and had judgment. The defendant sued out this writ of error raising in several forms one question,—whether the trial court erred in not directing a verdict in its favor on a holding as matter of law that premiums were not paid in accordance with the contracts of insurance, or, stated in another way, whether the court erred in holding that the policies went into force as of the date of the actual payment of the first premiums, under its construction of a provision of the applications, made a part of the contracts of insurance, which (with the critical words italicized) reads as follows:

"I declare that the above answers are full and true and * * * ; that said policies shall not take effect *until* the first premium has been paid *during my* life and *good health;* that no premium shall be considered paid *unless* a receipt be given therefor signed by the president or secretary."

At the trial the main issue of fact concerned the truthfulness of the applicant's answers to questions put to him by the medical examiner when preparing his application for insurance, and that issue turned on another —whether the insured, being foreign-born and having little understanding of the English language, was asked by the examiner, speaking through an interpreter, all the questions the applications purport were asked and answered.

These issues now stand settled by the verdict, leaving as the only matter for review the proper construction of the quoted provision of the policies concerning their effective date.

The doings of the parties with pertinent dates are as follows: The deceased applied for insurance on June 1, 1926, and was examined by the company's doctor on June 29. The policies were issued on July 26 and handed to the insured by a company agent on July 30 with a request for payment of the first premiums. On the next day, July 31, the insured signed and gave the agent a check for the premiums, which the agent himself had prepared. Receipts for the premiums, signed by the president and bearing date August 5, were mailed by the company and in due course received by the insured. But on August 2, two days after the payment of the first premiums, the insured entered a hospital and on September 9 he died of peritonitis. There is no evidence that the insured was not in good health when, on July 31, he paid the first premiums; nor is there evidence that he was not in good health when, on August 2, he entered the hospital or when three or four days later he received the receipts for the premiums, other than the inference to be drawn from the fact that he had gone to a hospital. There is evidence that he did not then have peritonitis.

We construe the provision in this wise: It has two parts separated by a semicolon; and each part, dealing with different things, has a meaning different from the other. The first part provides that the "policy shall not take effect until the first premium has been paid during [the applicant's] good health." That is a valid provision against fraud and also against a variation in the risk occurring in the interval between the examination

of the insured and payment of the first premium. Many things might happen in that time against which the insurer may protect itself by imposing on the insured a requirement that he be in the same good health when the policy goes into force that he was in when he submitted to examination, thereby assuring itself that the risk on the date of the payment of the first premium is the same risk disclosed on the date of the examination, and accepted. Payment of the first premium when in good health is the last thing, and the only thing at that stage of the transaction, required of the insured to put a policy into force, and it would seem that the provision specifying that the policy shall not take effect "until" that shall be done intended that it shall take effect *when* it is done, yet even then the policy will not take effect because the first premium though actually paid will not, according to the second phrase, "be considered" paid "unless". a receipt therefor be given by, the insurer through a named officer. It is clear that the first part of the provision deals with the time at which a policy shall go into effect, the last with the validity of the policy. The first is a provision by which the insurer protects itself against a change in the health of the applicant and a consequent change in the risk; the last is a provision by which it protects itself against having its contracts of insurance validated by its hundreds of agents located throughout the country and reserves that power to itself alone. But in doing so it does not say that the policy shall not take effect *until* a receipt signed by one of its officers shall have been given, or *until* a receipt so signed shall have been given while the insured is in good health. It simply says that, though all requirements on the part of the insured have been met, the first premium shall not be considered "paid"—that is, the policy shall not take effect—*unless* a receipt of the kind required be given, which is another way of saying that if such a receipt be given the interposed and arresting condition is removed and the policy is in force. Of course the insurer is free to issue or withhold its receipt for the first premium actually paid; yet when it issues one, the insurer by its own words considers the premium "paid" and in the absence in the provision of any statement that the policy takes effect only when payment is so "considered," it follows that on giving the receipt the policy becomes effective as of the date of the actual payment of the first premium by the insured in good health.

[2] Some days after the argument in this case the plaintiff in error moved the court for an order remitting the record to the trial court that it might determine whether on motion of the plaintiff in error it would reinstate the rule to show cause why a new trial should not be granted on the ground of newly discovered evidence. This evidence, to be given by a son of the deceased, would be offered to controvert the testimony given by other witnesses that. the deceased was not familiar with the English language.

We are of opinion that the application does not show the testimony now regarded as. newly discovered was not by proper diligence available at the trial and therefore the application fails to show that legal requisite for the allowance of such a motion.

The judgment is affirmed.