## DILLON v. GENERAL EXCHANGE INS. CORPORATION.

### No. 9072.

Court of Civil Appeals of Texas. San Antonio.

May 3, 1933.

Rehearing Denied May 24, 1933.

Daniel & Edwards, of Victoria, for appellant.

Terrell, Davis, Hall & Clemens and Theo. F. Weiss, all of San Antonio, for appellee.

MURRAY, Justice.

On the 19th day of March, 1931, appellant purchased from the Atzenhoffer Chevrolet Company, at Victoria, Tex., a Chevrolet roadster and at the same time paid to the Chevrolet Company, for the use and benefit of the General Exchange Insurance Corporation, appellee herein, the required premium for one year's protection against loss by fire, theft, etc. In consideration of this premium appellee issued the insurance policy sued on herein. The policy recites on its face that the effective date of the same is March 19, 1931, and the expiration date March 19, 1932.

The policy also shows the following on its face: "This policy shall not be valid unless countersigned by the duly authorized agent of the Company at San Antonio, Texas. Countersigned this 31 day of March, 1931, V. Hoover, Agent."

On the night of March 20, 1932, appellant's Chevrolet roadster was destroyed by fire.

The above facts are the pertinent allegations of appellant's petition to the questions herein raised.

The trial court sustained a general demurrer to appellant's petition, and upon his refusal to amend dismissed his cause of action.

The only question to be here determined is: Was the insurance policy in effect on the date the roadster was consumed by fire?

■ Appellant's contention is that regardless of the fact that the policy contained the expressed stipulation that it expired at noon March 19, 1932, it was nevertheless in effect on the night of March 20, 1932, because the policy also contained the stipulation that it was not valid unless countersigned by the duly authorized agent of the company at San Antonio, Tex., and that the policy was actually countersigned on March 31, 1931, that appellant had paid for one year's insurance, that he was therefore entitled to one full year's insurance, and that the policy not having been countersigned until March 31, 1931, should not have expired until March 31, 1932.

We do not agree with this contention. The insurance company had a lawful right to make this policy effective from a prior date, regardless of the provision that same was not valid unless countersigned by the agent designated. This stipulation had to do with the authenticity of the policy rather than the time from which it should become effective. The policy did not provide that it was not valid *until* countersigned, but *unless* countersigned. Until might be construed as referring to time, but unless does not refer to time. Bankers Lloyds v. Montgomery (Tex. Civ. App.) 42 S.W.(2d) 285; Schwartz v. Northern Life Ins. Co. (C. C. A.) 25 F.(2d) 555; Anderson v. Mutual Life Ins. Co., 164 Cal. 712, 130 P. 726, Ann. Cas. 1914B, 903.

■ Appellant did not allege that this policy did not contain the true agreement of the parties. In the absence of an allegation of accident, mistake, or fraud, the court could not disregard the plain and unambiguous statement in the policy that the expiration date thereof was at noon March 19, 1932. National Union Fire Ins. Co. v. Patrick (Tex. Civ. App.) 198 S. W. 1050; Bankers Lloyds v. Montgomery, supra; Sun Life Assur. Co. v. Budzinski (C. C. A.) 25 F.(2d) 77; Commercial Mutual Marine Ins. Co. v. Union Mutual Ins. Co., 19 How. 318, 15 L. Ed. 636; Whitney v. Union Central Life Ins. Co. (C. C. A.) 47 F.(2d) 861.

Appellant cites Cecil v. Kentucky Livestock Ins. Co., 165 Ky. 211, 176 S. W. 986; Davis v. Home Insurance Co., 125 S. C. 381, 118 S. E. 536.

In the Kentucky case the application for the insurance, which became a part of the contract of insurance, contained a provision that the contract of insurance should not be

in force *until* the policy should be delivered to Cecil and the premium paid for one year's insurance during the life and good health of "Great Word" (the horse for which the insurance was written).

Under such a provision the Kentucky court held the policy could not be antedated, but the use of the word "until" is very different from the use of the word "unless," and is sufficient to distinguish that case from the case at bar.

The South Carolina case, above cited, seems to bear out the contention made by appellant, but we cannot follow that case. To do so would be to go contrary to the principles laid down in Bankers Lloyds v. Montgomery, supra.

The judgment is affirmed.