31 So.2d 303

UNION MARINE & GENERAL INS. CO., Limited, v. HOLMES.

6 Div. 552.

Supreme Court of Alabama.

June 19, 1947.

Davies, Mead & Williams, of Birmingham, for appellant.

Jas. W. Aird, of Birmingham, for appellee.

BROWN, Justice.

This is an action of assumpsit by the appellee against the appellant on a policy of insurance insuring the automobile of the plaintiff against damage by collision or upset. The complaint consists of two counts, the first count following substantially form 12 prescribed by § 223, Title 7, Code of 1940, averring that the amount claimed is "due on a policy of insurance whereby the Defendant on the 8th day of February, 1943, insured the automobile of the plaintiff against damages by collision or upset." Said count also avers that the "automobile which was insured under said policy of insurance was totally destroyed by collision or upset on the 7th day of February, 1944, * * *."

The second count avers that the sum claimed was "due on a policy of insurance whereby the defendant insured the automobile of the plaintiff against damages by collision or upset." That said policy contained the following provisions: "Item 2. Policy Period. From February 7, 1943 to February 7, 1944, at 12:01 A.M., Standard Time, at the address of the insured, as stated herein. * * * In Witness Whereof, the company has caused this policy to be executed and attested but this policy shall not be valid *unless* countersigned on the declaration page by a duly authorized agent of the company * * * Countersigned

February 8, 1943, at Birmingham, Alabama, Warner Realty & Insurance Company, By Aileen W. Davidson, Agent." The count then avers that said automobile "insured under said policy of insurance was destroyed by collision or upset on the 7th day of February, 1944, at 4:45 P.M., and on the 9th day of February, 1944, the plaintiff's wife, acting as his duly constituted and authorized agent, contacted Warner Realty & Insurance Company, the duly authorized agent of the defendant in the City of Birmingham, and inquired if said policy was in force and effect on the date and time of the collision, and plaintiff's wife then and there informed said Warner Realty & Insurance Company that said automobile for the plaintiff had been damaged by collision or upset. And plaintiff avers that in response to the request by plaintiff's wife, the Warner Realty & Insurance Company, acting within the scope of its authority as agent of the defendant informed plaintiff's wife that said policy was in full force and effect until the 8th day of February, 1944, at 12:01 A.M., and that plaintiff's loss was covered by said policy, and further requesting plaintiff's wife to call the plaintiff, who was then in Eatonton, Georgia, and inform him that his claim would be paid, which plaintiff's wife did.

"And plaintiff avers that he relied upon the representations made by said Warner Realty & Insurance Company, the duly authorized agent of the defendant, that said policy was in full force and effect and that his claim would be paid. * * *."

Said count also contains the averment to the general effect that on February 20, 1944, a duly authorized agent of the defendant, "while acting within the line and scope of his authority, being an employee of the Fire Companies Adjustment Bureau, Inc., of Atlanta, Georgia," came to see plaintiff and discuss the question of the accident and "after receiving a full statement from the plaintiff, the defendant's said adjuster instructed the plaintiff to have his car towed to the Columbus Body & Fender Works, at Columbus, Georgia, for an inspection and estimate of damages, which the plaintiff did at a cost of $15.00 to him." The count then concludes, "And plaintiff avers that under the foregoing allegations of fact there was

a promise made by the defendant, its agents, servants or employees, while acting within the line and scope of their authority, to plaintiff, for a valuable consideration, namely, $15.00, to pay the loss herein sued on; hence this suit."

The count then adopted as a part thereof "all of the provisions of said policy by attaching the original hereto and expressly making it a part hereof as if set out in haec verba."

The defendant pleaded the general issue and at the conclusion of the evidence which included plaintiff's Exhibit No. 1, the insurance policy issued by the defendant to the plaintiff, and evidence showing without dispute that the automobile was destroyed by collision at 4:45 P.M. on February 7, 1944, the court at the request of the defendant in writing gave the following written charges:

"The court charges the jury if you believe the evidence you cannot find for the plaintiff under Count 1 of plaintiff's complaint. * * *

"The court charges the jury that the policy of insurance introduced in evidence as Plaintiff's Exhibit No. 1 expired at 12:01 A.M. February 7, 1944. * * *."

The court refused the general affirmative charge requested by the defendant.

The policy contained the following provisions:

"Item 2. Policy period: From February 7, 1943 to February 7, 1944 12:01 A.M., standard time at the address of the insured as stated herein.

"Item 3. In consideration of the payment of the premium and in reliance upon the statements in the declarations *and subject to the limits of liability,* exclusions, conditions and other terms of this policy, the company agrees to pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, sustained *during the policy period,* with respect to such and so many of the following coverages as are indicated by specific premium charge or charges:

| "Coverages (as hereinafter defined) | Limits of Liability | Net Rate | Premium |
|---|---|---|---|
| A Comprehensive—Loss of or damage to the Automobile, Except by collision but including Fire, Theft and Windstorm. | Act. Cash Value $...... | | $ 6.00 |
| B–1 Collision or Upset | Actual Cash Value less $50.00, which deductible amount shall be applicable to each collision or upset | | $22.00 |
| * * * * * * * * | * * * * | * * * * | * |
| G Towing and Labor Costs | $10.00 for each disablement | | |
| | Total Premium | | $28.00 |
| * * * * * * * * | * * * *. | * * * * | * |

"Countersigned: February 8, 1943 at Birmingham, Alabama, Warner Realty & Insurance Co. By Alleen Davidson, Agent.

(Space for attachment of endorsements) * * * *

"In witness whereof, the company has caused this policy to be executed and attested, but this policy shall not be valid unless countersigned on the declaration page by a duly authorized agent of the company. "T. J. Irvine, U. S. Manager.

"Renewal Standard Automobile Policy

"Expires February 7, 1944 at 12:01 A. M. (Standard Time)

"Automobile      Hudson      No. 1940

"Amount                    $A. C. Value

"Comp. Fire, Theft & $50.00 Ded. Coll.    $28.00

"Insured G. H. Holmes                No. AU 538410

"The Union Marine & General Insurance Company, Ltd. (Established 1863)

"Warner Realty & Insurance Company, 2304 Third Avenue, North, Birmingham, Alabama, Phone 30762. * * *." (Italics supplied.)

From the foregoing it is manifest that the second count of the complaint, under which the case was submitted to the jury, declared on the policy, the original of which was attached to and made a part thereof. Defendant's primary liability, if liable at all, for the damages claimed must rest upon the commitments expressed in the contract, as limited therein. Great American Ins. Co. v. Dover, 219 Ala. 530, 122 So. 658.

Therefore, conceding that the countersigning of the policy was essential to the completed execution thereof, it is clear that the delayed countersigning did not extend the period of liability, the limitation of which was stated in the face of the contract. Nor did it inject into the contract an ambiguity as to the period of the coverage. The counter signature in fact and law merely confirmed said stated limitation and gave retroactive force to the policy as of the time it was executed by the defendant company. "To 'countersign' is to sign in addition to the signature of another in order to attest the authenticity of the other." Royal Exchange Assurance of London v. Almon, 202 Ala. 374, 80 So. 456, 458; Hartford Fire Ins. Co. v. King, 106 Ala. 519, 17 So. 707; New York Life Ins. Co. v. Tolbert, 10 Cir., 55 F.2d 10; Mead v. Davidson, 3 Ad. & El. 303, 111 Eng. Reprint 428, 4 L.J. K.B. (N.S.) 193.

The principle of estoppel is protective only and is invoked as a shield and in the absence of primary right arising from contract or right in the ownership, use or possession of property is not applicable. It is not a weapon of offense or aggression. To create a primary right to recover for loss or damage to property insured against loss or damage all the elements of a binding contract are essential. Protective Life Ins. Co. v. Cole, 230 Ala. 450, 161 So. 818; Belt Automobile Indemnity Association v. Ensley Transfer & Supply Co., 211 Ala. 84, 99 So. 787; Lindsay v. Cooper, 94 Ala. 170, 11 So. 325, 16 L.R.A. 813, 33 Am.St.Rep. 105; Home Ins. Co. v. Scharnagel, 227 Ala. 60, 148 So. 596; Fidelity Phenix Fire Ins. Co. of New York v. Raper, 242 Ala. 440, 445, 6 So.2d 513.

The averments in the second count of the complaint setting up matters occur-ring after the lapse of the policy and the loss, which might be good as a basis of waiver or estoppel to protect a primary liability under the policy contract occurring within the period covered, are inefficacious to extend liability beyond the limitation expressly stated in the policy contract. Protective Life Ins. Co. v. Cole, supra.

An agent or adjuster authorized to adjust and settle a loss occurring within the coverage of an insurance contract is without authority, as a matter of law, to insure property destroyed after the policy lapsed, or to create liability therefor. "If property has been totally lost, and this is known by the parties, there is nothing to insure, no event to be indemnified against, no unknown event upon which to base the contract, so that in such case there can be no lawful or valid insurance." 6 Couch on Insurance, p. 4801, § 1331.

The court erred in overruling the defendant's demurrer to the second count of the complaint and in refusing the general affirmative charge requested by the defendant.

Reversed and remanded.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.