OKLAHOMA FARM BUREAU MUTUAL INS. CO., Inc., v. BROWN.

No. 34965. Dec. 16, 1952.

Rehearing Denied April 14, 1953.

*255 P. 2d 919.*

Pierce, Rucker, Mock, Tabor & Duncan, Oklahoma City, for plaintiffs in error.

Bohanon & Adams and Bert B. Barefoot, Jr., Oklahoma City, for defendant in error.

PER CURIAM. This is an action to recover upon two fire insurance policies. The sole question for our determination is whether the policies were in force on July 27, 1949, the date of the loss.

The facts, which are not in dispute, are as follows: On January 24, 1949, plaintiff, Howard Brown, made application to defendant, Oklahoma Farm Bureau Mutual Insurance Company, Inc., for policies covering his truck and semitrailer.

Each application, after detailing various items of information requested, stated that the "Date Written" was January 24, 1949, and that the "Date Effective" was also January 24, 1949. The applications were signed by both plaintiff and the agent of the company.

The policies, when written, provided that the Company                    .

"subject to the limitations, exceptions exclusions, special provisions, general conditions and form of coverage elected * * * does hereby insure (plaintiff), commencing at 12:01 A.M. Standard Time, on the date herein specified and expiring at 12:01 A.M. six (6) months from effective date unless renewed * * *"

Each policy then stated that "The effective date of this policy is January 24, 1949."

And each policy concluded as follows:

"In Witness Whereof, the Oklahoma Farm Bureau Mutual Insurance Company, Inc., has caused this policy to be signed by its President and Secretary, but the same shall not be binding upon the company unless countersigned by a duly authorized officer or representative of the company."

This language, in each case, was followed by the printed signature of the president and secretary. One policy was countersigned by an authorized representative of the company on the 2nd day of February, 1949, and the other on March 29, 1949.

The record contains copies of first and second notices to plaintiff stating that the policies would lapse on July 24, 1949, unless renewed, but the dates when such notices were given do not appear.

On July 27, 1949, the truck and trailer covered by the policies burned. It will thus be seen that the loss occurred more than six months after the stated effective dates of the policies, but less than six months after such policies were countersigned.

A jury was waived and the case submitted to the court on the agreed facts. The trial court entered judgment for plaintiff on each policy and, from the orders overruling its motion for new trial, defendant appeals.

Defendant argues that the court erred in rendering judgment for the plaintiff since under the undisputed facts the loss occurred more than six months after the stated effective date of the policies and at a time when the policies, by their own terms, were no longer in effect.

Plaintiff, on the other hand, argues that he was entitled to six months cov-.

erage and that his coverage did not begin until the policies were countersigned, for, he says, if a loss had occurred prior to that time the company could have avoided liability by refusing to countersign. Consequently, he argues, the policies must be extended for six months from the dates of the countersignatures. Or, he asserts, that if this does not follow as a matter of law, at least, the policies are ambiguous and can be construed to mean that they were to continue in effect for six months after the date of the countersignatures.

We are of the opinion that defendant must prevail.

Although the question seems to be one of first impression in this state, it has been raised under almost identical circumstances in several other states, and recovery has been uniformly denied.

In the case of Dillon v. General Exchange Ins. Corporation (Tex. Civ. App.) 60 S. W. 2d 331, the policy provided on its face that the effective date was March 19, 1931, and the expiration date March 19, 1932. It also provided:

"This policy shall not be valid unless countersigned by the duly authorized agent of the Company at San Antonio, Texas. Countersigned this 31 day of March, 1931, V. Hoover, Agent."

The insured automobile burned on March 20, 1932, and the plaintiff made the same contention that plaintiff makes here. In denying such contention, the court said:

"Appellant's contention is that regardless of the fact that the policy contained the expressed stipulation that it expired at noon March 19, 1932, it was nevertheless in effect on the night of March 20, 1932, because the policy also contained the stipulation that it was not valid unless countersigned by the duly authorized agent of the company at San Antonio, Tex., and that the policy was actually countersigned on March 31, 1931, that appellant had paid for one year's insurance, that he was therefore entitled to one full year's insurance, and that the policy not having been countersigned until March 31, 1931, should not have expired until March 31, 1932.

"We do not agree with this contention. The insurance company had a lawful right to make this policy effective from a prior date, regardless of the provision that same was not valid unless countersigned by the agent designated. This stipulation had to do with the authenticity of the policy rather than the time from which it should become effective. The policy did not provide that it was not valid *until* countersigned, but *unless* countersigned. Until might be construed as referring to time, but unless does not refer to time. Bankers Lloyds v. Montgomery (Tex. Civ. App.) 42 S.W. 2d 285; Schwartz v. Northern Life Ins. Co. (C.C.A.) 25 F. 2d 555; Anderson v. Mutual Life Ins. Co., 164 Cal. 712, 130 P. 726, Ann. Cas. 1914B, 903.

"Appellant did not allege that this policy did not contain the true agreement of the parties. In the absence of an allegation of accident, mistake, or fraud, the court could not disregard the plain and unambiguous statement in the policy that the expiration date theerof was at noon March 19, 1932."

To the same effect are Union Marine & General Ins. Co., Limited, v. Holmes, 249 Ala. 294, 31 So. 2d 303, and McKee v. Continental Ins. Co., 191 Tenn. 413, 234 S.W. 2d 830.

A case closely in point from this jurisdiction, although it relates to life rather than fire insurance, is the case of Kansas City Life Ins. Co. v. Harper, 90 Okla. 116, 214 P. 924, wherein plaintiff contended that the annual premiums on a life insurance policy did not become due each year on the anniversary date of the policy, as provided in the contract, but on the anniversary dates of its delivery, and that consequently the policy was still in force at the death of the insured. In denying this contention, we said: -

"In order to bridge over this period of time, counsel for defendant in error's

first contention is that the policy did not take effect and become operative until July 25, 1912, the date of the delivery of the same, and that each premium became due each 12 months thereafter, with 30 days' grace; and not on June 28th, the date of the policy and on which date the annual premium became due, by the terms of the policy. With this contention we cannot agree, because, as hereinbefore stated, the policy by its terms provided otherwise. And the authorities do not support counsel's contention. The rule is stated in 25 Cyc. 751, as follows:

" *'In General.*—Premiums are payable on the dates fixed by the contract and the fact that the policy does not go into effect on a date corresponding to the date fixed for payment of subsequent premiums does not change the provisions of the contract as to when such subsequent premiums become payable.' "

The policy in the instant case plainly stated that unless renewed the policy would expire "at 12:01 A.M. 6 months from effective date," and the next sentence thereafter stated, "The effective date of this policy is January 24, 1949."

Plaintiff contends, as did plaintiff in McKee v. Continental Ins. Co., supra, that if he had suffered a loss prior to the time the policies were countersigned, the defendant could have avoided liability by refusing to countersign, and that consequently his coverage during such period was subject to the contingency of the company's later countersigning. This may be true, but, at least, he had partial protection during such period in that he could have recovered had the company later countersigned and thus retroactively validated the policy. In any event, such fact does not permit the court to rewrite the plain terms of the contract between the parties.

Plaintiff cites Fidelity & Casualty Co. of New York v. Walton, 24 Okla. 671, 104 P. 909, in support of the view that there would have been no coverage even if the company had countersigned the policy after the loss occurred. In that case, the agent countersigned the policy not knowing that the insured had already died. We held that a contract cannot be made between parties, one of whom is dead, for there can be no meeting of minds. That case, we think, is not authority for the proposition that a countersignature on a fire insurance policy cannot have retroactive effect and give rise to liability for a loss already incurred at the time the policy is countersigned. We think the better reasoned cases, as stated in Dillon v. General Exchange Ins. Corporation, supra, hold that if the policy is countersigned, the company is liable for losses occurring after the effective date of the policy but prior to the time of countersigning. See the authorities therein cited and also 44 C.J.S. 1269.

The trial court thought the provision that the policies were not binding on the company unless countersigned made the policies ambiguous as to the period of coverage. We are unable to agree with this view. Each policy plainly stated that it would expire six months from the effective date unless renewed. There is nothing in the language of the policies which intimates that the period of coverage will be extended by a delayed countersigning, and under an almost identical fact situation, the Supreme Court of Alabama held that such provision did not make the contract ambiguous as to the period of coverage. Union Marine & General Ins. Co. v. Holmes, supra. As was pointed out in McKee v. Continental Ins. Co. v. Holmes, supra, the parties had the right to provide that the policies should become effective from a prior date upon a later authentication.

Defendant urges that insurance was in full force from the signing of the applications which constituted binders, and that plaintiff therefore had full coverage for six months. This may be true, if the agent had authority to bind the company and if the parties so intended. See Prudential Fire Insurance Company v. Stanley, 191 Okla. 506, 131 P. 2d 88, and cases there cited. Unfortunately, in this case no parol evi-

dence was offered and the applications themselves are the only evidence upon the issue of whether contracts for immediate insurance were effected.

Since what we have said above makes it unnecessary to determine whether a contract of immediate insurance was effected and since the evidence on such issue is so limited, we prefer to leave the question undecided.

Reversed, with directions to enter judgment for the defendant.

This court acknowledges the services of Attorneys Horace D. Ballaine, John Rogers and Morris L. Bradford, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.

On Rehearing.

PER CURIAM. Since the promulgation of the opinion herein on December 16, 1952, the defendant in error has strenuously urged on rehearing that the rules of construction discussed in said opinion are not here applicable because of various statutory provisions, particularly 36 O.S. 1941 §§ 422, 425 and 428. In this connection, an examination of the statutes discloses that mutual insurance corporations and mutual insurance associations do not come within the same category nor are they regulated by the same laws. Sections 421 to 432 deal with associations, not corporations. The latter are regulated by sections 321 to 391 of said Title 36.

The primary distinction between the two, of importance herein, is in the requirement that an applicant for membership and insurance in an association must be approved by the governing board before being accepted for either; whereas, an applicant for insurance in a mutual corporation is not issued such a policy unless he is qualified by

(among other things) being a member of a farm bureau. In the former, the accepted applicants become members; in the latter, they become stockholders. Therefore, as to mutual insurance corporations, the statutes, as regarding stock companies, are generally applicable, except as specifically provided, one provision being that insurance policies shall only be issued to a particular class (farm bureau members).

In the case at bar, the defendant below was a mutual corporation, not an association. There is nothing in the record to indicate that the applicant, plaintiff below, was not qualified to be insured when the application was made. The only direct evidence on the point is a copy of the report of the agent to the home office stating that plaintiff was a member of the Garvin County Farm Bureau.

The statutes relied upon by defendant as above cited are not here applicable and the petition for rehearing is denied.