272 So.2d 201 (1973)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner,
v.
Jeanne R. VEENSCHOTEN, Respondent.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner,
v.
Lester R. FRIEDMAN, Respondent.
Nos. 72-701, 72-702.
District Court of Appeal of Florida, Second District.
January 24, 1973.
Julian D. Clarkson, of Henderson, Franklin, Starnes & Holt, Fort Myers, for petitioner.
Hugh Sawyer, Naples, for respondents.
PIERCE, Judge (Ret.).
These two cases, while not strictly companion cases, present the same issue, and will be disposed of in this single opinion.
Friedman in his suit (No. 72-702) averred in his complaint as amended, that on January 30, 1972 in Collier County he was driving an automobile owned by Veenschoten with her knowledge and consent when it was involved in a collision with a motor vehicle being then and there owned and operated by one Bryan, resulting in physical injuries and other resulting damages to Friedman; that at said time and place State Farm Mutual Automobile Insurance Company had issued to Veenschoten, as the owner of the car being driven by Friedman, a policy of insurance, by the terms whereof the insurer, among other things, agreed to insure Veenschoten against liability with respect to accidents occurring by reason of her said ownership, including protection to occupants of her automobile against uninsured motorists, which protection would indemnify such occupants in such sums as they might lawfully be entitled to recover for personal injuries to the owner or operator of the uninsured automobile.
The instant accident occurred on January 30, 1972. The insurance contract attached to the complaint provides for a policy period of January 8, 1971 to January 8, 1972. There is a countersignature date thereon of February 8, 1971.
*202 The insurer moved to dismiss the complaint as amended because, on its face, the policy provided no coverage for the accident on the date alleged. The trial Court denied the motion to dismiss, and by petition for writ of certiorari here the insurer asks this Court to quash said order of denial. We agree with the insurance company and hold that the face of the policy sued upon shows clearly and without ambiguity that the policy period was from January 8, 1971 to January 8, 1972.
The law seems universal throughout the country that duration of an insurance policy, when fixed by clear and unambiguous language, will not be altered because some incident bearing upon the effectiveness of the policy, such as countersigning or a premium payment, occurs on a non-conforming date. See Talbot v. Union Cent. Life Ins. Co., CA5, 1917, 241 F. 669 (a case which arose in the Southern District Court of Florida); Stevens v. Farm Bureau Mut. Co. of Missouri, Mo. App., 253 S.W.2d 538 (1952); Union Marine & Gen. Ins. Co. v. Holmes, 1947, 249 Ala. 294, 31 So.2d 303; Oklahoma Farm Bureau Mut. Ins. Co. v. Brown (1952), 208 Okla. 317, 225 P.2d 919; McKee v. Continental Ins. Co., 1950, 191 Tenn. 413, 234 S.W.2d 830; and Dillon v. General Exch. Ins. Corp., Tex. Civ.App. 1933, 60 S.W.2d 331.
Respondent insured argues that F.S. § 624.0224 F.S.A. (a part of the Florida Insurance Code) in effect immunizes the Florida insurer from liability until the policy is countersigned, but such argument falls upon a careful reading of § 624.0224. The Florida Statute uses the word "unless" and not "until". When read and considered in its proper context a different meaning is arrived at from that contended for by respondent.
The writ of certiorari is therefore granted and the order appealed from is quashed and the cause remanded.
So ordered.
MANN, C.J., and LILES, J., concur.