500 So.2d 563 (1986)
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Appellant,
v.
Janet C. GREEN, Appellee.
No. 86-389.
District Court of Appeal of Florida, Second District.
November 14, 1986.
Rehearing Denied January 5, 1987.
*564 Bruce D. Austin of Kaleel & Kaleel, P.A., St. Petersburg, for appellant.
Daniel C. Kasaris of Yanchuck, Thompson, Young, Berman & Latour, P.A., St. Petersburg, for appellee.
CAMPBELL, Judge.
Appellee, Janet C. Green, filed a petition for declaratory judgment below seeking a declaration of her rights under an insurance policy issued by State Farm Mutual Insurance Company (hereinafter referred to as "State Farm") for damages arising out of an automobile accident which occurred on February 1, 1985. Appellee alleged in her petition that prior to February 1, 1985, she received an expiration notice from State Farm which stated that the subject insurance policy had expired on January 12, 1985. The expiration notice provided for a twenty-two day grace period within which to make premium payments without a lapse in coverage. Appellee admitted in her petition that the grace period expired at 12:01 a.m., February 3, 1985, and that the premium payment was tendered at 1:07 p.m. on Monday, February 4, 1985.
Appellee argued in her declaratory judgment petition that the grace period expired on a Sunday, therefore, payment made any time on the following Monday would be considered a timely payment. State Farm filed answers and defenses and argued that the payment was not made within the grace period. Cross-motions for summary judgment were filed. A hearing was held. The court granted appellee's motion for summary judgment.
State Farm contends that the trial court erred in entering summary judgment in favor of appellee because appellee's insurance policy had lapsed for nonpayment of the premium. We agree and reverse.
The specific terms of the policy in issue provided that State Farm would insure appellee for a term of six months, from 12:01 a.m., July 12, 1984, until 12:01 a.m., January 12, 1985. There existed no provision in the insurance contract for an extension of the coverage or a right to renew. The expiration notice was merely an "offer to contract." Since appellee did not accept the offer to renew her insurance contract within the twenty-two day grace period, the offer to contract was withdrawn by State Farm on the twenty-second day. Appellee, in arguing that the grace period should be extended, asks this court to stack "grace" on "grace." It is improper, however, under contract law to extend an act of grace by implication.
The expiration and renewal notice specifically said "last notice." The notice provided that if the premium payment occurred after the twenty-two-day grace period, State Farm would inform the insured if the payment was accepted and, if so, when coverage would begin. The notice also provided that there would be no coverage for accidents occurring between the date and time of expiration and the date and time the insured's coverage would again become effective. The expiration date shown on the expiration notice was January 12, 1985.
The duration of an insurance policy, when fixed by clear and unambiguous language, will not be altered by some incident bearing upon the effectiveness of the policy such as a premium payment occurring on a nonconforming date. Safeco Insurance Co. of America v. Oehmig, 305 So.2d 52, *565 56 (Fla. 1st DCA 1975), citing State Farm Mutual Automobile Insurance Co. v. Veenschoten, 272 So.2d 201, 202 (Fla. 2d DCA 1973). Since the language in the renewal notice was clear and unambiguous, the accident in issue, which occurred on February 1, 1985, was not covered under the policy.
The judgment below is reversed and the cause remanded for entry of a judgment in accordance with this opinion.
RYDER, A.C.J., and CAMPBELL and FRANK, JJ., concur.