PER CURIAM.
 

 Appellant seeks review of a summary final judgment entered in favor of its insured, which concluded that appellant provided insurance coverage on the date of its insured’s automobile accident because the insured paid his overdue premium before the effective cancellation date of the policy. We conclude that the trial court properly entered summary judgment against appellant, albeit for the wrong reason. Accordingly, we affirm.
 
 See Henderson v. Crosby,
 
 888 So.2d 847 (Fla. 1st DCA 2004) (applying the “tipsy coachman” rule to affirm a summary judgment).
 

 Appellant provided its insured with a grace period which allowed the insured to avoid cancellation of his automobile insurance policy for nonpayment of premium if he made the overdue premium payment before 12:01 a.m. on Sunday, September 25, 2005. The trial court concluded that since the last day of the grace period fell on a Sunday, the payment deadline was extended to the next business day, Monday, September 26, 2005, by operation of Florida Rule of Civil Procedure 1.090(a), which governs the computation of statutory time periods absent specific provisions to the contrary.
 
 See Health Quest Corp. IV v. Dep’t of Health & Rehab. Servs.,
 
 593 So.2d 533, 536 (Fla. 1st DCA 1992). The only applicable statute in this case is section 627.728(3)(a), Florida Statutes (2005), which requires an insurer to give its insured 10 days’ notice before cancelling a policy for nonpayment of premium. Because the statute does not require the insurer to allow the insured to make an overdue premium payment before the cancellation date in order to avoid cancellation of the policy for nonpayment of premium, the time computation provisions of rule 1.090(a) are not applicable in this case.
 

 By extending the payment deadline to the next business day, the trial court stacked “grace” upon “grace,” which cannot be done by implication under contract law.
 
 See State Farm Mut. Auto. Ins. Co. v. Green,
 
 500 So.2d 563, 564 (Fla. 2d DCA 1986). However, even if the payment deadline was not extended, the trial court properly entered summary judgment for the insured because appellant’s bank received the insured’s electronic payment file before the cancellation date and the delay in the deposit of the payment into appel
 
 *945
 
 lant’s bank account was due to processing delays by appellant’s bank.
 

 AFFIRMED.
 

 WOLF, WEBSTER, and THOMAS, JJ., concur.