141 So.2d 624 (1962)
CAROLINA LIFE INSURANCE CO., APPELLANT,
v.
MAUDE DuPONT, INDIVIDUALLY AND FOR THE USE AND BENEFIT OF CAROLINA LIFE INSURANCE COMPANY, APPELLEE.
No. D-37.
District Court of Appeal of Florida, First District.
May 15, 1962.
Rehearing Denied June 13, 1962.
Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for appellant.
Bedell, Bedell & Dittmar, and Cleveland & Goodfriend, Jacksonville, for appellee.
CARROLL, DONALD K., Chief Judge.
The defendant in a suit for a declaratory decree has appealed from a summary final decree entered in favor of the plaintiff by the Circuit Court for Duval County.
The main problem before us on this appeal is to determine the effective date of issue of a policy of life insurance issued by the defendant and covering the life of the plaintiff's deceased husband.
The timetable of events revealed in the evidence before the Circuit Court at the hearing on the motion for summary judgment is as follows:
On March 11, 1959, the plaintiff's husband applied to the defendant for insurance, specifying no date for the issuance of the policy, but requesting an endowment contract with monthly premium payments. On August 21st the defendant issued a loan commitment of $15,500. The date of issue of the insurance policy as stated on its face is October 28, 1959, but actually it was two days later that the policy was prepared in *625 the defendant's home office in South Carolina and mailed to its attorneys in Jacksonville, Florida. On November 17th the plaintiff and her husband executed an assignment of the policy to the defendant as security, but the loan was not closed and the assignment was not acknowledged. The mortgage loan was closed on November 24, 1959, and at the same time one month's premium of $40.52 was paid on the insurance policy and the policy was delivered to the plaintiff and her husband and the previous assignment was acknowledged. Employees of the defendant testified that on December 2nd or 3rd they prepared and mailed to the insured's address notices of premiums due on November 28th and December 28th, and on December 22nd they mailed to the insured a printed notice of the premium due on January 28, 1960. On December 30, 1959, the insured burned to death in his home in a fire that destroyed all of his papers, letters, and memoranda. The following two provisions of the policy are pertinent to the present consideration:
"THE CONSIDERATION for this Policy is the payment, on or before the delivery of this Policy, of the first premium due hereunder as specified above, and of a like premium on each premium due date thereafter until premiums have been paid for the Period Payable as specified above or until the prior death of the Insured."
"GRACE PERIOD. A Grace of one month (not less than thirty days) shall be granted for the payment of every premium after the first."
The defendant-appellant contends that the effective date of the policy is October 28, 1959, as stated on the face of the policy, that the $40.52 paid on November 24th paid only the first monthly premium due on October 28th, and that the policy lapsed on December 28th (after a 30 days' grace period), two days before the insured died. On the other hand, the plaintiff-appellee contends that she is entitled to the summary judgment on any one of three legal theories: first, that the actual date on which the policy was issued, according to the uncontradicted testimony of the defendant's employees, was October 30, 1959, and that she is entitled to the summary judgment on any one of three legal theories: first, that the actual date on which the policy was issued, according to the uncontradicted testimony of the defendant's employees, was October 30, 1959, and that she is entitled to a reformation of the policy contract to show the true date of issue as October 30th, on the ground of mutual mistake, because she and her late husband had no way of knowing that the misrepresentation, made by the defendant for its benefit, as to the date of issue was false, that, if the policy is so reformed, the insured died while the policy was in force, howbeit on the last day before the policy lapsed; second, that the insurance became effective on November 24, 1959, the date on which the policy was delivered to the insured and the first premium was paid; and third, that the policy was lapsed by the defendant on January 4, 1960, which was a Monday, for the defendant's employees testified that it was the defendant's practice to lapse policies only on Mondays and that, if the premium payment on the subject policy had been received at any time prior to January 4th, that policy would not have lapsed.
In support of its contention, the defendant-appellant relies upon the cases and rules discussed in a comprehensive annotation on the subject in 44 A.L.R.2d 472-513, in which the annotator writes:
"Under life, health, or accident insurance contracts providing a specific date (usually the date of `issuance') from which the period of coverage shall be calculated and upon the anniversary of which subsequent premiums will be due, but also stipulating that the insurer shall not be liable until the occurrence of some later validating act (usually the delivery of the policy and payment of the first premium), the courts in at least a numerical majority of the cases have held that the policy *626 provision as to premium due date should be given controlling effect in determining whether the insured was covered at the time of his death, illness, or disability."
While we acknowledge that the courts in a numerical majority of cases appear to have recognized the rule just quoted, we are of the opinion that the minority holding  that the date of delivering the policy and paying the first premium  is the better and fairer view in the factual situation revealed in the instant appeal. The appellee contends, and we agree, that the cases cited in the annotation for the majority rule "turned on the particular factual situation and particular policy provisions involved." The annotation cites eleven jurisdictions as holding the view which we here take, that the date of delivery and payment of the first premium control. The appellee especially relies upon the case of Lentin v. Continental Assur. Co., 412 Ill. 158, 105 N.E.2d 735, 44 A.L.R.2d 463 (1953), in which the Supreme Court of Illinois said:
"* * * While the construction we adopt may, in some instances render the effective date of a policy uncertain, it is an uncertainty that may be surmounted by a contract which leaves no doubt as to the effective date. In the present case any confusion or uncertainty which arises must be said to lie in the hands of the company which fashioned the conflicting provisions as to the effective date. Aside from the consideration that the insured is entitled to the period of insurance he contracted and paid for, the arbitrary manner in which the stipulated date in the policy was reached is also indicative of the advantage which may be gained by a company at the expense of the insured, unless the provisions as to the effective date expressly agreed upon are enforced."
We hold, therefore, that in the evidence before the Circuit Court at the hearing on the plaintiff's motion for a summary decree, there existed no genuine issue as to a material fact and the plaintiff was entitled to a decree as a matter of law. The court, then, was eminently correct in granting that motion and entering the summary final decree appealed from, which decree is affirmed.
Affirmed.
STURGIS and RAWLS, JJ., concur.