305 So.2d 52 (1974)
SAFECO INSURANCE COMPANY OF AMERICA, Appellant,
v.
James M. OEHMIG, a Minor, by and through His Father and Next Friend, Edward W. Oehmig, Jr., and Edward W. Oehmig, Jr., Individually, Appellees.
No. V-364.
District Court of Appeal of Florida, First District.
November 12, 1974.
Rehearing Denied January 8, 1975.
*53 Milton H. Baxley, II, of Dell, Graham, Willcox, Barber, Rappenecker, Ryals & Henderson, Gainesville, for appellant.
Allison E. Folds, of Fagan, Crouch, Anderson & Folds, Gainesville, for appellees.
McCORD, Judge.
This is an interlocutory appeal from an order granting summary judgment in favor of plaintiff below.
This suit was brought by appellee to recover compensation for injuries to his son under the provisions of an automobile insurance policy issued by appellant. The trial court denied appellant's motion for summary judgment and granted summary judgment in favor of appellee, finding that appellant's cancellation of the policy was ineffective for failure to comply with and give ten days "notice of cancellation" required by § 627.728, Florida Statutes. Thus, the trial court found that the policy was in force on August 1, 1972, the date of the accident.
This policy was first issued for a period of six months beginning on January 28, 1971, and ending on July 28, 1971. It was renewed by appellee for the policy period from July 28, 1971, to January 28, 1972, and was again renewed for the policy period from January 28, 1972, to July 28, 1972. On or about June 28, 1972, appellant sent to appellee its usual premium notice advising that if he wished to renew the policy for another six month period beginning July 28, 1972, the premium would be due on July 28, 1972. The premium was not paid and on August 1, 1972, appellee's son was struck and injured by a motorcycle, the owner and operator of which was not insured. On August 2, 1972, appellant sent to appellee a "Notice of Expiration" in which appellee was permitted an additional period of 20 days from July 28, 1972, within which to pay the renewal premium if he desired to renew the policy. The notice contained the following statement:
"IMPORTANT! Payment must be postmarked within 20 days after due date to keep your policy in force. Otherwise coverage stops at due date."
*54 On August 21, 1972, (24 days after the July 28 termination date) appellee delivered his personal check dated August 16, 1972, to the local insurance agent for forwarding to appellant. On August 22, appellant sent by mail a "Lapse of Policy" notice to appellee advising that his failure to pay the renewal premium within the 20 day grace period had terminated his coverage as of July 28. On August 24, appellant received by mail appellee's check which it returned without acceptance. Of six payments made during the life of this policy, four were made during the 20 day grace period, one was made and accepted after the grace period on account of late billing by appellant following recission of appellant's notice of intention not to renew the policy as of July 28, 1971, and one payment was received by appellant two days after the 20 day grace period. The record does not reflect whether or not the payment received two days after the grace period was postmarked within the grace period. (As above quoted the date of the postmark determines whether or not the payment is made within the grace period).
Appellee contended and the trial court found that appellant was required by § 627.728, Florida Statutes, to give appellee the statutory 10 days notice of cancellation for non-payment of premium as a condition precedent to the effective termination of plaintiff's policy. Appellant contends this statute is not applicable to the policy which was issued to appellee in this case. We agree with appellant's contention. This policy was for a stated period of six months and was renewable for additional six months periods provided appellee paid the premium for another six months prior to the expiration date or prior to the expiration of the 20 day grace period following the expiration date. If the additional premium was not paid, the policy automatically expired. If appellant had determined to cancel the policy before its termination date, it could only have done so by giving the statutory 10 days' notice of cancellation required by § 627.728. Here, however, there was no cancellation by the insurance company  this was an expiration of the policy brought about by the insured's failure to pay the necessary premium to renew it for an additional six month's period. The 10 day notice of cancellation requirement of § 627.728 is found in paragraph (a) of subsection (3). Paragraph (b) of that subsection provides as follows:
"Nothing in this subsection (3) shall apply to nonrenewal."
It is thus clear that the 10 day notice of cancellation of policy is not applicable to a failure of the policy holder to exercise a six month's renewal option by paying the premium therefor within the allowed grace period.
Appellee argues also that appellant is estopped to contend that the policy lapsed for failure of appellee to pay the premium on the due date because appellant has routinely accepted late premiums in the past from appellee. From the above stated record of appellee's payment of renewal premiums, it appears that all were paid after the due date but within the 20 day grace period with the exception of one or possibly two payments. The one payment which was definitely paid and accepted after the grace period was explained by appellant as having resulted from late billing following recission of a notice by appellant of intention not to renew the policy as of July 28, 1971. As to the second payment which was received by appellant two days after the grace period, it could well have been postmarked within the grace period and, if so, it was not made after expiration of the grace period. The record is silent as to the date of its postmark. Where custom of receiving payments after a grace period is relied upon to establish estoppel, the proof must show a uniform course of dealing and not an occasional or isolated instance. As stated in Annotation 85 A.L.R.2d 1410 at page 1430:
"... a failure to prove an alleged custom by an insurer to accept overdue *55 renewal premiums will prevent any claim of estoppel or waiver from being based upon custom."
Appellee has failed to show that appellant has established a uniform course of accepting renewal premiums on this policy after the 20 day grace period has expired. A similar situation was presented in McFarland et al. v. Farm Bureau Mutual Automobile Ins. Co., 201 Md. 241, 93 A.2d 551, where the Court of Appeals of Maryland said:
"If a course of conduct by the company in accepting premiums late is relied on, the effort must fail. The most appellants have shown is a possibility that one premium was paid late. This is not enough  would not be enough if they had proved as a fact the late acceptance of that premium. Where custom is relied on, the proof must show a uniform course of dealing and not an occasional or isolated instance. (citation omitted) (Emphasis added by court by italics)
"In any event, Moore did not have reasonable grounds to believe his insurance would be continued after July 10, 1949 unless he paid the premium. He admits receipt of the premium notice before then, telling him plainly that the policy would expire if he did not pay. Whatever had gone before, the company at that point waved at him a red flag which said `beyond here you proceed at your own risk' ...
* * * * * *
"... The fact that the company gave notice of a voluntary and explicitly limited extention of seventeen days before the policy would expire does not lessen the obligation of the insured to pay within the extended period, nor is it evidence of anything more than it expressly states itself to be, namely, an extension of seventeen days for payment in the absence of which the self-executing expiration of policy takes place."
Appellee further contends that when appellant accepted the six month's renewal premium, which was due on January 21, 1972, two days after the grace period on February 19, 1972, the acceptance on that date renewed the policy for six months following that date rather than for six months following January 28, 1972; that the policy was, therefore, paid up and in force until August 19, 1972, and was effective on August 1, 1972, the date of the accident. Appellee cites this court's opinion in Carolina Life Insurance Co. v. DuPont, Fla.App. (1st) 141 So.2d 624 in support of that proposition. That case involved a life insurance policy which stated on its face that the date of issue was October 28, 1959, when actually it was prepared in the insurance company's home office in South Carolina two days later and mailed to its attorneys in Jacksonville, Florida. The policy was to be assigned as security on a loan which was not closed until November 24, 1959, and on that date the insured paid one month's premium and the policy was delivered to the insured and the previous assignment was acknowledged. The insured burned to death on December 30, 1959. The policy contained the provision that the consideration for it was the payment on or before the delivery of the policy of the first premium due and of a like premium on each premium due date thereafter. This court, construing the policy provisions in relation to the factual situation presented in that case, held that the date of delivering the policy and paying the first premium was the inception date of the policy and it was in force at the time of the insured's death.
In the case sub judice the insured contracted with appellant to provide him with automobile liability insurance coverage to begin on a date certain agreed upon and specified in the policy without attaching any condition precedent as was done in the life insurance policy in Carolina Life Insurance Co. This policy does not have a provision which would require payment and acceptance of the premium as a condition *56 precedent to the commencement of the initial policy period. The initial policy period as stated in the "declaration" commenced at 12:01 a.m. on January 28, 1971, and expired at 12:01 a.m. on July 28, 1971, but it was subject to renewal for successive six month periods upon payment of the renewal premiums prior to expiration (or within the 20 day grace periods as allowed by notices to the insured). Coverage was retroactive from the expiration date of the previous policy period if the renewal premium was paid within the grace period. The Second District Court of Appeal in State Farm Mutual Auto Ins. Co. v. Veenschoten, Fla.App.2d 272 So.2d 201, in construing a similar situation stated as follows:
"The insurer moved to dismiss the complaint as amended because, on its face, the policy provided no coverage for the accident on the date alleged. The trial Court denied the motion to dismiss, and by petition for writ of certiorari here the insurer asks this Court to quash said order of denial. We agree with the insurance company and hold that the face of the policy sued upon shows clearly and without ambiguity that the policy period was from January 8, 1971 to January 8, 1972.
"The law seems universal throughout the country that duration of an insurance policy, when fixed by clear and unambiguous language, will not be altered because some incident bearing upon the effectiveness of the policy, such as countersigning or a premium payment, occurs on a non-conforming date." (citations omitted) (Emphasis supplied)
Reversed and remanded.
SPECTOR, Acting C.J., concurs, and BOYER, J., dissents.
BOYER, Judge (dissenting).
I would affirm. As recited in the majority opinion, the accident ultimately giving rise to this controversy occurred on August 1, 1972. On August 2, 1972 appellant sent to its insured, appellee, a "Notice of Expiration" in which it was recited that appellee was permitted an additional period of 20 days within which to pay the renewal premium. Obviously, therefore, on August 2, 1972, one day following the subject accident, appellant did not consider the policy as having lapsed, expired or terminated. The intention of the parties, it would appear to me, should prevail.