541 So.2d 716 (1989)
David BERGDORF and Mary Beth Bergdorf, Appellants,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 87-2212.
District Court of Appeal of Florida, Fourth District.
April 5, 1989.
Rehearing and Rehearing Denied May 5, 1989.
*717 Robert T. Goodman of Marino & Goodman, P.A., and Nancy Little Hoffman of Nancy Little Hoffman, P.A., Fort Lauderdale, for appellants.
John R. Hargrove and Lillian P. Wolf of Heinrich Gordon Batchelder Hargrove Weihe & Gent, Fort Lauderdale, for appellee.
Rehearing and Rehearing En Banc Denied May 5, 1989.
WESSEL, JOHN D., Associate Judge.
Appellant, Bergdorf, seeks a reversal of an adverse declaration by the trial court finding that Bergdorf's policy of insurance had lapsed for non-payment of the premium. The sole issue is whether the appellee (insurance company) had engaged in a "uniform course of dealing" with Bergdorf which precluded the insurance company from denying coverage.
The facts as determined by the trial court and supported by the record on appeal indicate the following:
(a) Policy cancelled December 14, 1981 Premium received  January 8, 1982 Policy reinstated.
(b) Policy cancelled November 15, 1982 Premium received  November 17, 1982 Policy reinstated.
(c) Policy cancelled January 24, 1983 Premium paid  January 26, 1983 Policy reinstated.
(d) Policy cancelled September 20, 1983 Premium paid  September 24, 1983 Policy reinstated.
(e) Policy cancelled December 8, 1983 Premium paid  December 14, 1983 Policy reinstated.
(f) Policy cancelled December 30, 1984 Premium paid  January 7, 1985 Policy reinstated.
(g) Policy cancelled March 20, 1985 Premium paid  April 1, 1985
POLICY NOT REINSTATED.
Initially the insurance company accepted the premium payment which was due on February 27, 1985. The insurance company deposited it on April 1 and refunded it on April 11, 1985. Bergdorf's daughter sustained an accident on April 12, 1985.
In Safeco Insurance Company of America v. Oehmig, 305 So.2d 52 (Fla. 1st DCA 1975) the court found that one out of two times the receipt of late payments for a policy which was cancelled and reinstated does not constitute a course of conduct in doing business so as to preclude an insurance company from not reinstating the policy.
We find there was a uniform course of dealing by the insurance company which forestalled the cancellation of the appellant's policy of insurance. In the instant case there was not one time prior to the last cancellation, after six (6) notices of cancellation and subsequent reinstatements of insurance upon late payments of the policy that the payment was not accepted and reinstatement occurred.
A uniform course of dealing is a consistent pattern relied upon by the parties in a commercial transaction that neither party can deny occurred. We hold that as a matter of law the conduct of the insurance carrier consistently reinstating the insurance policy after notifying the insured of cancellation had established a uniform conduct of doing business so as to allow the insured, Bergdorf, to rely upon it.
Therefore we reverse the judgment of the trial court with instructions on remand to enter a judgment for the appellant, Bergdorf.
REVERSED AND REMANDED.
WALDEN, J., concurs.
STONE, J., dissents with opinion.
*718 STONE, Judge, dissenting.
I dissent because I can discern no reason to impose an automatic estoppel against an insurer simply because there is a checkered history of permitting reinstatement a half dozen times in over three years. This is particularly so where there is no adverse finding, after a full trial, of misleading conduct. Certainly the company had a right to cancel. A company has a right to make a judgment, based in part on experience with the insured, as to whether to reinstate a policy following cancellation for nonpayment. See generally Safeco Insurance Company of America v. Oehmig. There may even be more reason to uphold a decision not to reinstate a chronic offender, particularly where, as here, the tender is over a month late.