KLEIN, J.
Appellant, the insured, appeals a summary judgment holding that his automobile insurance had been canceled and that he was therefore without coverage for an accident. We affirm.
The insured relies on Bergdorf v. Allstate Insurance Co., 541 So.2d 716 (Fla. 4th DCA 1989) in which, prior to an accident, the insurer had, on six different occasions, reinstated a policy after canceling it for non-payment of premium. In a split decision, we held that the insurer had “established a uniform conduct of doing business” so as to allow the insured to rely on it, and there was coverage for an accident which occurred about three weeks after the policy had been canceled, and about two weeks after the insured had paid the premium. Judge Stone dissented, seeing no reason to reward the insured, who had been chronically late in paying.
In the present case, a notice of cancellation dated November 25, 1997 notified the insured that the policy would be canceled if payment of the premium were not received by December 11, 1997. No check was received by the insurer by December 11, 1997 and the accident occurred on December 14, 1997. On one prior occasion, the premium payment had not been received by the insured until after the cancellation date, but the insurer had reinstated the policy.
The insurer argues, and we agree, that one prior reinstatement of the policy does not establish the course of conduct necessary to bring this case within Bergdorf. Automobile liability insurance is mandatory in Florida, and when insurers are lenient with policy holders who do not timely pay their premiums, it advances Florida’s public policy requiring vehicles to be insured. Reinstatement should be encouraged, not discouraged. If we were to hold that the insurer’s conduct in this case would estop it from denying coverage, it would have the effect of causing insurers to not reinstate, thus leaving more vehicles uninsured. Affirmed.
GUNTHER and FARMER, JJ., concur.